Argued January 13; appeal dismissed April 14, 1931

## TALBOT & CASEY, Inc., v. SIMON
### (298 P. 644)

*Frederick H. Drake,* of Portland, for appellant.

*Herbert L. Swett,* of Portland (Dey, Hampson & Nelson, of Portland, on the brief), for respondent.

ROSSMAN, J. The issue which awaits our disposition occurs upon the respondent's motion to dismiss the appeal taken by the appellant from an order of the circuit court which set aside a default judgment and permitted the respondent to file an answer. In seeking to sustain the appeal the plaintiff argues that the order aforementioned is of the type embraced by § 7-501, Oregon Code 1930, which defines the appealable orders, judgments and decrees: *Bowman v. Holman,* 48 Or. 351 (86 P. 792), and *Hall v. McCan,* 62 Or. 556 (126 P. 5), hold that an order setting aside a default

judgment is not a "final order affecting a substantial right" as defined by the above section of our code. Since the decision in *Bowman v. Holman*, supra, the 1907 Session Laws, chapter 162, § 6, amended the quoted language by adding thereto: "An order setting aside a judgment and granting a new trial." In *Taylor v. Taylor*, 61 Or. 257 (121 P. 431, 121 P. 964), this court construed the language last quoted and held that an order which sets aside a default and permits an answer to be filed is not one which sets aside a judgment and grants a new trial. See to the same effect *Carmichael v. Carmichael*, 101 Or. 172 (199 P. 385). After again considering the language of § 7-501, Oregon Code 1930, we remain satisfied with the construction placed upon it by the above decisions. It follows that the motion is allowed.

Dismissed.

BEAN, C. J., RAND and KELLY, JJ., concur.