Argued February 18; affirmed March 3; rehearing denied
March 24, 1936

## BOYLES *v.* OREGON-WASHINGTON RAILROAD & NAVIGATION CO. ET AL.

(55 P. (2d) 20)

*Fletcher Rockwood,* of Portland (Carey, Hart, Spencer & McCulloch, of Portland, on the brief for Northern Pacific R. Co.; Wilson & Reilly, of Portland, on the brief for Northern Pacific Terminal Co.; A. C. Spencer and Maguire & Shields, all of Portland, on the brief for Oregon-Washington R. & Nav. Co.), for appellants.

*Gunther F. Krause,* of Portland (Arthur I. Moulton, of Portland, on the brief), for respondent.

BELT, J. This is a personal injury action wherein the plaintiff obtained a verdict and judgment against defendants in the sum of $1,275.

■ Defendants assign error in the denial of their motion for new trial based upon: (1) Newly discovered evidence; and (2) alleged misconduct of counsel. Since the motion was filed too late to confer jurisdiction upon the circuit court to hear and determine the same (*State v. Hecker*, 109 Or. 520 (221 P. 808); 46 C. J. 295; 20 R. C. L. 302), we deem it inadvisable to encumber the reports with a recital of the contents of the affidavits in support of the motion. In the Hecker case Mr. Justice HARRIS, speaking for the court, said:

"The motion itself is analogous to a pleading, and the limitation of time is akin to a statute of limitation; so that the motion, or pleading, must be filed within the prescribed time, or statute of limitation, in order to confer upon the court jurisdiction to hear and consider the motion."

The judgment was entered March 12, 1935. The motion for new trial was not filed until May 4, 1935—or 53 days after the judgment was entered and 34 days after expiration of the term. Section 2-803, Oregon Code 1930, as amended by chapter 233, Oregon Laws 1933, provides:

"A motion to set aside a judgment and for a new trial, with the affidavits, if any, in support thereof, shall be filed within ten (10) days after the filing of the judgment sought to be set aside, or such further time as the court may allow. When the adverse party is entitled to oppose the motion by counter-affidavits, he shall file the same within ten (10) days after the filing of the motion, or such further time as the court may allow. The motion shall be heard and determined by the court within fifty-five (55) days from the time of the entry of judgment, and not thereafter, and if

not so heard and determined within said time, the said motion shall conclusively be taken and deemed as denied.'' (§ 2-803, Oregon Code Supplement 1935).

It is conceded that the motion for new trial was not filed within the above statutory 10-day period nor was any extension of time granted by the court before the expiration of such period. The motion and affidavits in support thereof were served upon counsel for plaintiff two days before the 55-day period within which motions for new trial must be heard and determined or ''conclusively'' be deemed denied. Under the above section counsel for plaintiff had at least 10 days after the motion was filed to oppose it with counter-affidavits.

■ We see no occasion to construe the statute. It is merely a matter of applying its plain and unambiguous language to the record before us. The statute means what it says. We can not give the act a construction to meet the exigencies of this particular case, assuming that plaintiff is an impostor as defendants contend. Public policy demands that there be some certainty to the law.

The judgment of the lower court is affirmed.

CAMPBELL, C. J., and ROSSMAN and KELLY, JJ., concur.