Argued at Pendleton on Demurrer to Alternative Writ
of Mandamus, October 30, 1978, peremptory writ allowed
February 7, 1979

## STATE ex rel STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, *Relator,*

*v.*

## OLSEN, *Defendant.*

(SC 25744)

590 P2d 231

W. Eugene Hallman of Mautz & Hallman, Pendleton, argued the cause and filed a brief for relator.

Lawrence B. Rew of Corey, Byler & Rew, Pendleton, argued the cause and filed a brief for defendant.

LINDE, J.

## LINDE, J.

The issue before us is whether a summary judgment may be set aside on a motion filed more than ten days after the filing of the judgment.

■ A policyholder sought a declaratory judgment against plaintiff insurance company in the circuit court for Umatilla County. The circuit judge, defendant in the present proceeding, signed an "Order for Summary Judgment and Judgment" in favor of the insurance company on May 11, 1978, which was filed the same day. On May 24, the policyholder filed a motion to reconsider and set aside the summary judgment in order to allow her to file a fourth amended complaint. The court allowed this motion over the insurance company's objection that it was untimely filed and set aside the summary judgment. We allowed an alternative writ of mandamus, Or Const art VII (amended) §2, to decide whether the circuit judge exceeded his authority in entertaining a motion to set aside the summary judgment made more than 10 days after the judgment was filed. We conclude that he did.

ORS 17.615 provides:
> A motion to set aside a judgment and for a new trial, with the affidavits, if any, in support thereof, shall be filed within 10 days after the filing of the judgment sought to be set aside, or such further time as the court may allow. . . .

The court has held that this section denies the trial court authority to entertain a motion to set aside judgment and grant a new trial after the lapse of the statutory ten-day period unless an extension of time was granted within that period. *Boyles v. Or.-Wash. R. & N. Co.,* 153 Or 70, 55 P2d 20 (1936); *Nendel v. Meyers,* 162 Or 661, 94 P2d 680 (1939).

Defendant makes two contentions against the application of the statute in this case. One is that the court retains "inherent" power to set aside its own

judgments when the court finds that it acted erroneously. But that is not what happened in this case. The record is clear that the court did not act on its own motion upon discovering some error; its order recited that it was made "upon the motion filed by the plaintiff [in the declaratory judgment action] to set aside the summary judgment . . ." *See Nendel v. Meyers, supra,* 162 Or at 664.

Defendant further contends that ORS 17.615, *supra,* does not apply to summary judgments, on the ground that the section refers to motions "to set aside a judgment *and* for a new trial" (defendant's emphasis). There is no doubt that a summary judgment is a judgment, but defendant argues that it is a judgment rendered without a trial. He cites *Taylor v. Taylor,* 61 Or 257, 121 P 431, 121 P 964 (1912) and *Talbot & Casey, Inc. v. Simon,* 136 Or 74, 298 P 644 (1931), to show that ORS 17.615 does not apply when there has been no trial. Those decisions involved orders setting aside default judgments. However, *Taylor v. Taylor* itself explained this result by the fact that in a default "no issues have been formed, and no trial had," referring to the definition of a "trial" in then section 113, L.O.L. (present ORS 17.025) as "the judicial examination of the issues between the parties." 61 Or at 259.[1] When a motion for summary judgment is properly granted, on the other hand, the case is at issue and the court determines, upon the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits" that "there is no genuine issue as to any material fact . . ." ORS 18.105(3).

Although the provisions for new trials, ORS 17.605 - ORS 17.630 do not address the question as clearly as might be wished, having been enacted before the summary judgment procedure, we think that a motion to set aside a summary judgment

---

[1] As the full text of ORS 17.025 makes clear, "[a] trial is the judicial examination of the issues between the parties, *whether they be issues of law or of fact.'*(Emphasis added.)

sufficiently involves a request to reexamine the factual assertions of the parties that it corresponds to a motion for a new trial under ORS 17.615. The policy of that section to bring litigation to a definite conclusion when a decision on the merits has been reached applies equally to summary judgments, and it would be undermined if the latter were excluded from the statutory deadline for motions to set aside a judgment for a new trial. If our reading of the position of summary judgments under ORS 17.615 does not correctly reflect the policy of the statutory scheme, the rules can be clarified or revised by the Council for Court Procedures or the legislative assembly.

A peremptory writ shall issue in accordance with this opinion.