596 P.2d 565 (1979)
286 Or. 815
Lawrence F. COOLEY, Respondent,
v.
Ernie ROMAN, Petitioner.
TC A75-455; CA 9455; SC 25810.
Supreme Court of Oregon.
Argued and Submitted February 7, 1979.
Decided June 26, 1979.
*566 Scott M. Galenbeck, of Lively & Wiswall, Springfield, argued the cause and filed a brief for petitioner.
Lawrence F. Cooley, Eugene, argued the cause pro se. On the brief for respondent was David A. Piper, Eugene.
Before HOLMAN, P.J., and TONGUE, HOWELL, BRYSON,[*] LENT[**] and LINDE, JJ.
LINDE, J.
Plaintiff filed a complaint alleging an account stated between himself and defendant. Defendant's attorney wrote to plaintiff's attorney requesting a verified statement of the account. Plaintiff responded with a letter enclosing a statement of charges and credits to defendant's account for legal services rendered by plaintiff. Defendant then filed an answer generally denying the allegations of plaintiff's complaint. *567 Thereafter, plaintiff moved for summary judgment for lack of a genuine issue of material fact concerning defendant's agreement to the account stated, based on an affidavit that defendant had made no objection to regular billings and had made periodic payments on the account. ORS 18.105. Defendant in turn moved for summary judgment on the same ground, based on his affidavit that the charges stated in plaintiff's account were incurred primarily for legal services for a corporation for which defendant was not liable, and that he could not determine from the account which of the charges arose from work done for him personally. Plaintiff filed no further opposing affidavit. The trial court granted summary judgment for defendant, and plaintiff appealed.
The Court of Appeals decided that although plaintiff's complaint pleaded an account stated, "plaintiff's action was actually based on an `account'." The court then proceeded to discuss whether defendant was entitled to summary judgment if the action was one on an account instead of an account stated.[1] Defendant claimed that plaintiff had failed to give defendant a verified copy of the account within five days of defendant's demand, as required by ORS 16.470.[2] The Court of Appeals concluded that the requirement stated in that section is "directory" rather than "mandatory" and that defendant was not entitled to summary judgment on that ground. It therefore reversed and remanded the case for trial on the question what, if any, amount defendant owed on plaintiff's account. 34 Or. App. 301, 578 P.2d 491 (1978). Doubts about this treatment of ORS 16.470 led us to allow review. We affirm the result reached by the Court of Appeals, but on different grounds.
Before reaching the merits, we face a preliminary question whether plaintiff's appeal was timely. The trial court's judgment granting defendant's motion for summary judgment was entered on September 9, 1977. ORS 19.026 provides in part:
"(1) Except as provided in subsections (2) and (3) of this section, the notice of appeal shall be served and filed within 30 days after the entry of the judgment appealed from.
"(2) Where any party has served and filed a motion for a new trial or a motion for judgment notwithstanding the verdict, the notice of appeal of any party shall be served and filed within 30 days from the earlier of the following dates:
"(a) The date of entry of the order disposing of the motion.
"(b) The date on which the motion is deemed denied, as provided in ORS 17.615."
Plaintiff's notice of appeal was not filed until November 7, 1977, more than 30 days after the judgment. However, plaintiff had filed a motion to set aside the summary judgment on September 19, which was denied on October 18.
ORS 19.026(2), above, allows 30 days for filing a notice of appeal from the date of entry of an order disposing of a "motion for a new trial." The question is whether a *568 motion to set aside a summary judgment qualifies as a motion for a new trial for this purpose. A "trial" is defined in ORS 17.025 as "the judicial examination of the issues between the parties, whether they be issues of law or of fact." A summary judgment is the result of such a judicial examination, leading the court to conclude that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. ORS 18.105(3). A motion to set aside a summary judgment calls upon the court to conduct a new trial in that sense. Also, if the motion is granted, there is no judgment in the case until a trial or other further proceeding is conducted. We have held that such a motion is a "motion to set aside a judgment and for a new trial" for purposes of the ten day time limit of ORS 17.615. State ex rel. State Farm Mutual Auto. Ins. Co. v. Olsen, 285 Or. 179, 590 P.2d 231 (1979). For the same reason it is also a motion for a new trial within the meaning of ORS 19.026(2). Plaintiff's notice of appeal was timely.
On the merits of the trial court's order, we do not agree with the Court of Appeals that plaintiff's complaint was a basis for invoking ORS 16.470, but that the requirement of that section to furnish a verified statement of an account within five days after demand is "directory" rather than "mandatory." We have recently pointed out that these terms describe conclusions but do not serve well as premises, since they are usually applied only to state the consequences of failure to comply with laws that are textually obligatory. Anaconda Company v. Dept. of Revenue, 278 Or. 723, 565 P.2d 1084 (1977). In this instance, ORS 16.470 itself states the consequence: The party who neither pleads the items of an account nor furnishes a verified copy on demand shall "be precluded from giving evidence thereof." However, the statute does not help defendant here, because the Court of Appeals should not have reinterpreted plaintiff's complaint from an action on an "account stated" into one on an "account" in the first place.[3]
There is no dispute that plaintiff's complaint pleaded an action on an account stated. Plaintiff has maintained that position throughout. He sought a summary judgment by seeking to show, in an affidavit, that defendant had implicitly agreed to the account by failing to object to it and by making payments on it. Defendant's affidavit adequately raised an issue of material fact as to his implicit agreement to the account when it asserted that defendant considered himself obligated for some but not for most of plaintiff's charges. This entitled defendant to a trial under plaintiff's theory of the case. The question is whether the same affidavit entitled defendant, in turn, to a summary judgment for lack of a genuine issue of material fact, as the trial court ruled.
We think that it did not. Whether defendant in fact was liable for all the charges stated in plaintiff's account was not the issue under the theory of plaintiff's complaint. The issue was whether defendant had implicitly agreed to the account stated. As we have said, defendant's affidavit raised a genuine dispute of fact with plaintiff's affidavit on that issue. Plaintiff did not in turn have to counter defendant's affidavit or face a summary judgment for defendant. The two affidavits show that there is a triable issue of fact under plaintiff's pleading of an account stated. The Court of Appeals did not err in remanding the case for trial.
Affirmed.
NOTES
[*] Bryson, J., retired April 1, 1979.
[**] Lent, J., did not participate in the decision of this case.
[1] As the court correctly stated, the difference is that an action on an "account stated" rests on an express or implied agreement to pay a fixed sum due as a result of prior transactions, Sunshine Dairy v. Jolly Joan, 234 Or. 84, 380 P.2d 637 (1963), citing Steinmetz v. Grennon, 106 Or. 625, 634, 212 P. 532 (1923) and Crim. v. Thompson, 98 Or. 599, 193 P. 448 (1920), while an "account" merely alleges such financial obligations but not necessarily that the defendant has agreed to them. See Northwest Fndry. v. Willamette Mfg., 268 Or. 343, 352 n. 2, 521 P.2d 545 (1974); Mason, Ehrman & Co. v. Lewis Est., 131 Or. 242, 254-256, 276 P. 281, 281 P. 123, 282 P. 772 (1929).
[2] ORS 16.470:

"A party may set forth in a pleading the items of an account therein alleged, or file a copy thereof, with the pleading verified by himself, or his agent or attorney, if within the personal knowledge of such agent or attorney, to the effect that he believes it to be true. If he does neither, he shall deliver to the adverse party, within five days after a demand thereof in writing, a copy of the account, verified as in this section provided, or be precluded from giving evidence thereof. The court or judge thereof may order a further account when the one filed or delivered is defective."
[3] Plaintiff, having pleaded an account stated, is obliged to prove an account stated, or lose the lawsuit. He is not entitled to prove liability on some other theory. Halvorson v. Blue Mt. Prune Growers Co-op, 188 Or. 661, 678, 214 P.2d 986, 217 P.2d 254 (1950); Vanbebber v. Plunkett, 26 Or. 562, 567, 38 P. 707 (1895).