On respondent's motion to dismiss filed July 13, 1984, motion denied May 1, 1985

SCHEID,
*Respondent,*

*v.*

HARVEY,
*Appellant.*

(16-82-04552; CA A32132)

698 P2d 991

James P. Caher and Armstrong, McCullen, Percy and Philpott, Eugene, appeared for the motion.

Terence J. Hammons and Hammons and Mills, Eugene, appeared contra.

Before Warden, P. J., Joseph, C. J., and Young, Judge.

YOUNG, J.

Warden, P. J., dissenting.

## YOUNG, J.

Plaintiff moves to dismiss the appeal, because the notice of appeal was not "served and filed within 30 days after the entry of the judgment appealed from." ORS 19.026(1). The motion is denied.

Plaintiff's motion for summary judgment was allowed by order dated May 9, 1984. The judgment appealed from was entered May 16. On May 22, which was within ten days from the date the judgment was entered, defendant moved for reconsideration of the *order* granting summary judgment. On June 1, the motion was denied. On June 25, defendant filed a notice of appeal, which was more than 30 days after the judgment was entered. The notice of appeal was not timely filed, unless the time for filing was extended by ORS 19.026(2), which provides:

"(2)   Where any party has served and filed a motion for a new trial or a motion for judgment notwithstanding the verdict, the notice of appeal of any party shall be served and filed within 30 days after the earlier of the following dates:

"(a)   The date of entry of the order disposing of the motion.

"(b)   The date on which the motion is deemed denied, as provided in ORCP 63D. or 64F.

A motion "to set aside a judgment and for a new trial * * * shall be filed not later than 10 days after the entry of the judgment sought to be set aside * * *." ORCP 64F. A new trial "is a re-examination of an issue of fact in the same court after judgment." ORCP 64A. Whether the action proceeds to judgment following a jury trial, ORCP 64B, or without a jury, ORCP 64C, the legal effect of an order granting a new trial is that the "former judgment" is set aside "and a new trial granted." ORCP 64B, C.

Defendant's motion to reconsider was timely made after entry of the judgment. ORCP 64F. Although the motion was inartful,[1] it claimed various errors and irregularities that could be considered grounds for a new trial. ORCP 64B(1)-B(6). The question becomes whether a motion to reconsider an intermediate order allowing a summary judgment is the

---

[1] It appears that at this stage of the proceeding defendant appeared *pro se.*

functional equivalent of a motion for a new trial under ORCP 64[2] and therefore has the effect of extending the time for filing a notice of appeal under ORS 19.026(2). Defendant contends that it is, relying on *Cooley v. Roman,* 286 Or 807, 596 P2d 565 (1979) and *State ex rel State Farm Mutual Auto Ins. Co. v. Olsen,* 285 Or 179, 590 P2d 231 (1979).

We begin the analysis with a recognition of the important distinction between an order and a judgment. ORCP 67A.[3] For example, an order granting a summary judgment in most cases serves as the predicate for granting a judgment and, as an intermediate order, is not appealable. It merely "paves the way" for entry of the judgment. *Cenci v. The Ellison Co.,* 289 Or 603, 606, 617 P2d 254 (1980).

*Cooley v. Roman, supra,* held that a motion to "set aside a summary judgment" is the equivalent of a motion for a new trial within the meaning of ORS 19.026(2). We agree with defendant that the language used in *Cooley* to identify the pertinent documents is not entirely clear. The facts in *Cooley* that are material to the issue in the present case are:

> *"The trial court's judgment granting defendant's motion for summary judgment was entered on September 9, 1977.* * * * Plaintiff's notice of appeal was not filed until November 7, 1977, more than 30 days after the judgment. However, plaintiff had filed a *motion to set aside the summary judgment* on September 19, which was denied on October 18." 286 Or at 810-11. (Emphasis supplied.)

We understand from those facts that, after the defendant's

---

[2] In *Schmidling v. Dove,* 65 Or App 1, 670 P2d 166 (1983), we treated a motion for reconsideration of a judgment for contempt as a motion for a new trial, because the "parties seeking reconsideration are in reality seeking the same action sought by a motion for new trial" under ORCP 64. Because the motion was filed late, ORCP 64F, we held that the motion to reconsider did not extend the time for appeal under ORS 19.026(1).

[3] ORCP 67A provides:

" 'Judgment' as used in these rules is the final determination of the rights of the parties in an action; judgment includes a decree and a final judgment entered pursuant to section B. or G. of this rule. 'Order' as used in these rules is any other determination by a court or judge which is intermediate in nature."

The Supreme Court has cautioned that a "judgment is distinct from an order and confusion arises when the two terms are used together." *May v. Josephine Memorial Hospital,* 297 Or 525, 528 n 4, 686 P2d 1015 (1984); *Street v. Gibson,* 295 Or 112, 115 n 1, 663 P2d 769 (1983); *see also City of Portland v. Carriage Inn,* 296 Or 191, 673 P2d 531 (1983).

motion for summary judgment, the trial court granted the defendant a judgment. The Supreme Court characterized the *final judgment* as a "summary judgment," apparently because it was rendered by the court pretrial in the absence of disputed material facts.[4]

*Cooley* holds that a motion to set aside a summary judgment qualifies as a motion for a new trial for the purpose of extending the time for filing a notice of appeal. The court explained:

"A 'trial' is defined in ORS 17.025 as 'the judicial examination of the issues between the parties, whether they be issues of law or of fact.' A summary judgment is the result of such a judicial examination, leading the court to conclude that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. ORS 18.105(3). A motion to set aside a summary judgment calls upon the court to conduct a new trial in that sense. Also, if the motion is granted, there is no judgment in the case until a trial or other further proceeding is conducted. We have held that such a motion is a 'motion to set aside a judgment and for a new trial' for the purposes of the ten day time limit of ORS 17.615. *State ex rel State Farm Mutual Auto. Ins. Co. v. Olsen,* 285 Or 179, 590 P2d 231 (1979). For the same reason it is also a motion for a new trial within the meaning of ORS 19.026(2). Plaintiff's notice of appeal was timely."[5] 286 Or at 811.

In *State ex rel State Farm Mutual Auto. Ins. Co. v. Olsen, supra,* a mandamus action, the trial court granted an "Order for Summary Judgment and Judgment" that allowed the defendant's motion for summary judgment and granted a final judgment. The Supreme Court held that the plaintiff's motion to "set aside a summary judgment sufficiently involves a request to examine the factual assertions of the parties that it corresponds to a motion for a new trial * * *." 258 Or at 182-83.

The principal procedural difference between the present case and *Cooley v. Roman, supra,* and *State ex rel State*

---

[4] We have examined the briefs filed in *Cooley v. Roman,* 34 Or App 301, 578 P2d 491 (1978). The appellant's abstract shows that the trial court, in the same document, denied the plaintiff's motion for summary judgment, allowed the defendant's motion for summary judgment and granted the defendant a judgment against the plaintiff.

[5] *Former* ORS 18.105(3) is now ORCP 47 and *former* ORS 17.615 is now ORCP 64F.

*Farm Mutual Auto. Ins. Co. v. Olsen, supra,* is that in those cases the intermediate orders allowing summary judgment were contained in the same document that granted the final, appealable judgment. In the present case, there was an order granting summary judgment followed by a final, appealable judgment.

■ In the present case, defendant's motion for reconsideration sought a reexamination of the facts, as did the motion in *Cooley* and *State Farm.* Although it was technically incorrect to move to reconsider the order allowing summary judgment rather than the judgment, we hold that defendant's motion is the analogue of a motion for a new trial under ORCP 64 and that it had the effect of extending the time for appeal under ORS 19.026(2).

Motion denied.

**WARDEN, P. J.,** dissenting.

Because I do not agree with the majority "that defendant's motion is the analogue of a motion for a new trial under ORCP 64 and that it has the effect of extending the time for appeal under ORS 19.026(2)," I respectfully dissent.

Defendant moved to reconsider an intermediate order granting a motion for summary judgment. He did not move for reconsideration of the summary judgment. That is clear from the language of his motion:

"Comes now the defendant and moves the court to reconsider its' *[sic]* Order dated and filed May 9, 1984."

In the two cases relied upon by the majority, *Cooley v. Roman,* 286 Or 807, 596 P2d 565 (1979), and *State ex rel State Farm Mutual Auto. Ins. Co. v. Olsen,* 285 Or 179, 590 P2d 231 (1979), the motions were to set aside the respective summary judgments. That defendant here moved for reconsideration of the order granting summary judgment, rather than to set aside the summary judgment, is a significant difference.

The Supreme Court has cautioned that "a judgment is distinct from an order and confusion arises when the two terms are used together." *May v. Josephine Memorial Hospital,* 297 Or 525, 528 n 4, 669 P2d 824 (1983); *Street v. Gibson,* 295 Or 112, 115 n 1, 655 P2d 604 (1983); *see also City of Portland v. Carriage Inn,* 296 Or 191, 673 P2d 531 (1983). The

majority, after recognizing that the distinction between an order and a judgment is an important one, goes on to give them an identical effect.

The issue is whether a motion to reconsider an intermediate order allowing summary judgment is equivalent to a motion for a new trial under ORCP 64. The majority holds that it is, on the authority of *Cooley v. Roman, supra,* and *State ex rel State Farm Mutual Auto. Ins. Co. v. Olsen, supra,* even though the motion in each of those cases was to set aside the actual judgment and not merely to reconsider the order that paved the way for entry of the judgment.

I do not understand ORCP 64 to authorize a new trial on the basis of a motion for reconsideration of an intermediate order rather than a judgment. An order is clearly not the same thing as a judgment. To consider a motion for reconsideration of an intermediate order as the equivalent of a motion to set aside a judgment adds to the confusion discussed in *May v. Josephine Hospital, supra,* and *Street v. Gibson, supra.*[1]

For these reasons, I respectfully dissent.

---

[1]There are orders on other motions that, like an order granting summary judgment, pave the way for judgment. Among them are orders allowing motions to dismiss under ORCP 21A and ORCP 54B and motions for directed verdict under ORCP 60. If the majority is correct, a motion to reconsider an order in any of those circumstances is an acceptable substitute for a motion for a new trial under ORCP 64 and extends the time for appeal under ORS 19.026(2). We have had statutes governing such dismissals and directed verdicts much longer than we have had statutes or rules permitting summary judgment. I have been unable to find any case holding that a ruling on a motion to reconsider an order of dismissal or an order directing a verdict to be the analogue of a motion for a new trial under ORCP 64 so as to extend the time for appeal.