## CARTER et al,
*Respondents,*

*v.*

## UNITED STATES NATIONAL BANK OF OREGON,
*Appellant.*

(L85-0997; CA A39448)

724 P2d 346

James N. Westwood and John F. Neupert, Portland, and Miller, Nash, Wiener, Hager & Carlsen, Portland, for motion.

David Morrison, Roseburg, and Heiling & Morrison, P.C., Roseburg, contra.

Before Young, Presiding Judge, Joseph, Chief Judge, and Warren, Judge.

WARREN, J.

**WARREN, J.**

Plaintiffs move to dismiss this appeal for lack of jurisdiction. The trial court granted defendants' motions for summary judgment on February 24, 1986, and entered a judgment for defendants on March 3, 1986. Plaintiffs filed a "motion to reconsider" the order granting summary judgment on February 27, 1986. On March 20, 1986, the trial court entered an order which granted reconsideration, denied defendants' motions for summary judgment and vacated the judgment of March 3, 1986. Plaintiffs argue that defendants cannot appeal from the March 20 order, which had the effect of denying defendants' motions for summary judgment and allowing the case to proceed to trial. *See Hoy v. Jackson,* 26 Or App 895, 554 P2d 561 (1976). The issue is whether the March 20 order is "[a]n order setting aside a judgment and granting a new trial" from which defendants may appeal. ORS 19.010(2)(d).

In order to decide this question we must examine a line of authority dealing with "motions to reconsider." In *State ex rel State Farm Mutual Auto. Ins. Co. v. Olsen,* 285 Or 179, 590 P2d 231 (1979), the Supreme Court held that a motion to reconsider and set aside a summary judgment in a declaratory judgment action "corresponds" to a motion for a new trial under *former* ORS 17.615 and must be filed within 10 days of the filing of the judgment. The court rejected the argument that the motion was not a motion for a *new* trial because the judgment was rendered without a trial. The court relied on the definition of "trial" in *former* ORS 17.025: "A trial is the judicial examination of the issues between the parties, *whether they be issues of law or of fact.*" (Emphasis supplied.) A summary judgment proceeding which involves only issues of law is a "trial" under that definition, and setting aside a summary judgment therefore grants a "new trial." The Supreme Court followed the same reasoning in *Cooley v. Roman,* 286 Or 807, 811, 596 P2d 565 (1979), again relying on the language of *former* ORS 17.025 emphasized above to hold that the filing of a motion to set aside a summary judgment extends the time for filing an appeal under ORS 19.026(2).

We discussed the status of "motions to reconsider" under the ORCP in *Schmidling v. Dove,* 65 Or App 1, 670 P2d 166 (1983), where a party filed a "motion to reconsider" the

judgment in a contempt proceeding more than 10 days after it was entered. We treated the motion as one for a new trial and held that the appeal was not timely, because the notice of appeal was filed more than 30 days after the judgment was entered, and the motion to reconsider, which was filed more than 10 days after entry of the judgment, did not extend the time to appeal. We decided that the motion to reconsider served the same purpose as a motion for a new trial in the context of that case, where the judgment was entered *after a trial on the merits* and not after a summary judgment.[1]

We considered whether a motion for reconsideration extended the time to appeal from a summary judgment under ORS 19.026(2) in *Scheid v. Harvey,* 73 Or App 481, 698 P2d 991 (1985). Following *Cooley v. Roman, supra,* and *State Farm Mutual Auto. Ins. Co. v. Olsen, supra,* we treated the motion as a motion for a new trial and held that a new trial motion filed within 10 days after the entry of the judgment extends the time to appeal under ORS 19.026(2). We did not discuss what effect the repeal of *former* ORS 17.025 and the enactment of ORCP had on the holdings of *Cooley v. Roman, supra,* and *State Farm Mutual Auto. Ins. Co. v. Olsen, supra,* and assumed that a motion for reconsideration of a summary judgment continued to be the functional equivalent of a motion for a new trial. We were mistaken in that assumption, but the issue the parties presented in *Scheid* concerned only the time to appeal.[2] We are now called upon to examine the issue we did not consider in *Scheid.*

As we understand *Cooley v. Roman, supra,* and *State Farm Mutual Auto. Ins. Co. v. Olsen, supra,* the holding in those cases was based on the definition under *former* ORS 17.025 that a "trial" includes the judicial examination of

---

[1] We also discussed the origin of the motion to reconsider and strongly disapproved of its use under the ORCP, stating:

"Henceforth the 'motion for reconsideration' should not be used. Parties seeking 'reconsideration' must do so by means of a motion for new trial under ORCP 64. * * *" 65 Or App at 6.

Apparently, this message escaped the notice of some attorneys, for the "motion for reconsideration" still rears its ugly head. Because a "motion for reconsideration" is of no legal consequence unless it complies in all substantive respects with ORCP 64, the advice given in *Schmidling* remains sound.

[2] Likewise, *United Adjusters, Inc. v. Shaylor,* 77 Or App 510, 713 P2d 687, *rev den* 301 Or 241 (1986), presented only the issue of the timeliness of the motion.

issues of law. Under that definition, a summary judgment proceeding, in which a court is asked to resolve *only* issues of law, is a "trial." The situation changed with the repeal of *former* ORS 17.025 and the enactment of ORCP 64.

Nothing in the ORCP defines "trial," but ORCP 64A defines "new trial" as "*a reexamination of an issue of fact* in the same court after judgment." (Emphasis supplied.) ORCP 64B provides, in part:

> "* * * A former judgment may be set aside and a new trial granted in an action *where there has been a trial by jury* on the motion of the party aggrieved for any of the following causes materially affecting the substantial rights of such party * * *." (Emphasis supplied.)

ORCP 64C provides that the grounds for a new trial in ORCP 64B apply in actions "*tried* without a jury." (Emphasis supplied.) A summary judgment proceeding does not involve the *examination* of issues of fact; indeed, if an issue of material fact exists, summary judgment must be denied. An order reconsidering and vacating a summary judgment does not grant a "new trial"; rather, it allows the case to proceed to a trial at which issues of fact will be examined for the first time, not "reexamined."

Here the trial court granted defendants' motions for summary judgment, ruling that they were entitled to judgment *as a matter of law.* On plaintiffs' motion, the trial court reconsidered and found that genuine issues of fact exist so that a summary judgment is not permissible. The trial court decided that the case should proceed to trial so that the issues of fact could be developed and examined. That trial would examine the issues of fact for the first time; therefore, it is not a "new trial" as that term is defined in ORCP 64A. The March 20 order does not grant a new trial; it denies a motion for summary judgment and cannot be appealed under ORS 19.010(2)(d).

Appeal dismissed.