Filed: October 18, 2012

IN THE SUPREME COURT OF THE STATE OF OREGON

THE ASSOCIATION OF UNIT OWNERS
OF TIMBERCREST CONDOMINIUMS,
an Oregon non-profit corporation,

Respondent on Review,

v.

GALE ALLEN WARREN,
dba Big Al's Construction,

Petitioner on Review,

and

LIGHTHOUSE TWO, LLC,
a Washington limited liability company;
JOHN DOES 1-3;
and HARRY G. CRETIN, P.E.,
an Oregon corporation,

Defendants.

(CC C090892CV; CA A146137; SC S059482)

En Banc

On review from the Court of Appeals.*

Argued and submitted January 10, 2012.

Thomas M. Christ, Cosgrave Vergeer Kester LLP, Portland, argued the cause and filed the brief for petitioner on review.

Ryan D. Harris, Vial Fotheringham LLP, Portland, argued the cause and filed the brief for respondent on review.

LANDAU, J.

The decision of the Court of Appeals is affirmed, and the case is remanded to the Court of Appeals for further proceedings.

*Appeal from Washington County Circuit Court, Donald R. Letourneau, Judge. 242 Or App 425, 256 P3d 146 (2011).

LANDAU, J.

In this construction defect case, defendant moved for summary judgment, and the trial court granted the motion. Plaintiff then filed a "motion for reconsideration" of the summary judgment ruling. The court meanwhile entered judgment, and plaintiff filed a notice of appeal. When the trial court later denied the motion for reconsideration, plaintiff did not file a new notice of appeal. The question in this case is whether plaintiff needed to do so. Defendant argues that, because a motion for reconsideration constitutes a motion for new trial, its filing rendered plaintiff's earlier notice of appeal premature and, in consequence, a nullity. Accordingly, defendant argues, this appeal must be dismissed for want of jurisdiction. Plaintiff argues that the motion for reconsideration did not constitute a motion for a new trial and thus had no effect on the filing of the notice of appeal. The Court of Appeals concluded that, under this court's decision in *Carter v. U.S. National Bank*, 304 Or 538, 747 P2d 980 (1987), a motion for reconsideration constitutes a motion for a new trial. Nevertheless, the court held that the filing of the motion did not have the effect of rendering the appeal a nullity. *Assoc. Unit Owners of Timbercrest Condo. v. Warren*, 242 Or App 425, 427, 256 P3d 146 (2011). Consequently, the court concluded that plaintiff was not required to file a new notice of appeal, and the court possessed jurisdiction over the appeal.

We hold that *Carter* and earlier decisions declaring that a motion for reconsideration of a summary judgment constitutes a motion for a new trial were incorrectly decided. We therefore conclude that, in this case, plaintiff's filing of the motion for reconsideration of the summary judgment did not render the filing of the

1

notice of appeal premature. Accordingly, we affirm the decision of the Court of Appeals, albeit on different grounds.

The relevant facts are not in dispute. A group of developers converted an apartment complex into condominium units. The developers hired defendant to do some of the remodeling work. Plaintiff is an association of owners of the condominium units. In February 2009, plaintiff brought an action against defendant and the developers, alleging a variety of construction defect claims. After engaging in discovery for a little over a year, defendant moved for summary judgment. The trial court held a hearing on the matter on May 24, 2010. On June 23, the trial court filed an order granting defendant's motion for summary judgment.

Two days later, on June 25, plaintiff filed a "MOTION TO RECONSIDER THE COURT[']S RULING ON DEFENDANT WARREN'S MOTION FOR SUMMARY JUDGMENT; ALTERNATIVE MOTION TO CLARIFY RULING." Plaintiff argued that the court's decision was contrary to Oregon statutes and to decisions of other Washington County Circuit Court judges who had previously ruled on the same issues. At the very least, plaintiff argued, the form of the order was inadequate in that it failed to state the grounds for the court's decision.

On July 2, 2010, the trial court sent a letter to the parties stating that, upon reflection, it had "pulled the trigger too quickly" and had decided to hear additional argument on the summary judgment motion. The court listed seven specific questions for the parties to address in writing and scheduled oral argument on the reconsideration motion for August 23.

2

In the meantime, however, defendant submitted a form of judgment to the trial court. On July 8, the trial court entered a general judgment dismissing all claims against defendant.

A week later, on July 15, defendant filed a response to the motion for reconsideration. Before addressing the court's specific questions, defendant objected to the filing of the motion, because "there is no such thing" as a motion for reconsideration. Defendant observed that "[t]he rules do allow for post-judgment review of pre-judgment rulings through a motion for a new trial[,]" but no such motion had been filed in this case.

On July 22, plaintiff filed a notice of appeal. The following week, plaintiff filed a response to the trial court's questions concerning the motion for reconsideration. Defendant filed a reply, again asserting that plaintiff's motion was ineffective. Defendant suggested that, while it might be argued that the motion for reconsideration amounted to a motion for a new trial, that argument would be unavailing, as plaintiff's motion did not comply with the requirements of a motion for a new trial under ORCP 64. Defendant also asserted that, because plaintiff had filed a notice of appeal, under ORS 19.270(1), the trial court no longer possessed jurisdiction to decide the motion.

On August 23, 2010, the hearing on plaintiff's motion for reconsideration occurred. At the hearing, the trial court expressed concern about the effect of the filing of the notice of appeal:

"There was a motion for reconsideration, which we all know doesn't exist. However, I thought at the time -- I had the power to set it on the docket, basically have a rehearing on my -- ultimately on my request. I did not realize I had already signed the judgment, which I feel bad about. But I think, in fairness, what happened was I signed it one day, and by the time I

3

got around to addressing the merits of issues raised in the motion for reconsideration, I had no recollection of it. So I thought I was on a clean slate, but I really wasn't. If I had known I had signed the judgment, I never would have authorized a motion [to] reconsider -- I never would have set it on the docket, what we called a motion for reconsideration.

"It's true that could be treated as a motion for new trial. And as a footnote, even though ORCP 64 says trial -- This is why trial courts don't understand the appellate courts. So the appellate courts have ruled that even though that's what the statute says, it applies to hearings as well. Well then why don't they talk to the legislature and change the word trial to hearing? But no. They just -- according to the CLE, Chapter 40.22, they just said the Court of Appeals at least can treat a motion for reconsideration as a motion for a new hearing. So I -- so theoretically, I had the power. Yes, I understand why you appealed, because you would be losing your right to appeal if I ruled against you today and you'd be out of luck. And so I understand that.

"* * * * *

"So, you have a right to be heard on whether or not we should have a hearing, but I'm hinting that I'm just going to give up and let the Court of Appeals decide this[.]"

A discussion ensued about whether the motion for reconsideration could be considered a motion for a new trial and what effect that might have on the filing of the notice of appeal. The trial court commented that the problem was that plaintiff had not actually filed a motion for a new trial:

"Well, but you never filed a motion to set aside for a new hearing, you filed a motion for reconsideration. And so I'd have to call it something different than what you called it, which I can, but I don't think I have to.

"* * * * *

"It appears to me the very -- the appeal is proper, and I could hear this hearing on the merits today if I call a motion to reconsider a motion for a new trial. But I decline to do that."

The court agreed with defendant that the motion for reconsideration would not be

4

considered a motion for a new trial, concluded that the filing of the notice of appeal deprived it of jurisdiction to proceed, and denied the motion for reconsideration on that ground. The court's order denying the motion was entered on September 15, 2010.

Three months passed. Then, on December 15, 2010, defendant filed a motion to determine jurisdiction. Before the Court of Appeals, defendant argued that the motion for reconsideration was, in effect, a motion for a new trial, which the trial court did have jurisdiction to decide. Defendant argued that, under ORS 19.255(2), once a motion for a new trial has been filed, the notice of appeal is due 30 days after the motion is denied or deemed denied. That means, defendant argued, that plaintiff's notice of appeal was filed prematurely, given that the trial court had not yet ruled on the motion when the notice of appeal was filed. In the meantime, defendant argued, plaintiff failed to file a new notice of appeal after the motion was denied. Accordingly, defendant concluded, the appeal should be dismissed for want of a timely notice of appeal.

The Court of Appeals held that, under this court's decision in *Carter*, defendant was correct that plaintiff's motion to reconsider amounted to a motion for new trial. *Assoc. Unit Owners of Timbercrest Condo.*, 242 Or App at 430. The court also acknowledged that, under ORS 19.255(2), the fact that plaintiff filed the notice of appeal while the motion for reconsideration was still pending caused the notice of appeal to be premature. *Id*. But, the court noted, ORS 19.270(1) provides that, notwithstanding the filing of a notice of appeal, a trial court retains jurisdiction to rule on a motion for new trial filed under ORCP 64. *Id*. at 436. Under the circumstances, the court concluded that there was no reason for plaintiff to file a new notice of appeal. *Id*.

5

On review, defendant contends that the Court of Appeals correctly held that plaintiff's motion for reconsideration amounted to a motion for a new trial, but that the court erred in holding that the prematurely filed notice of appeal was not a nullity. According to defendant, although the legislature may have amended ORS 19.270(1) to make clear that trial courts retain jurisdiction to decide motions for new trial, the legislature did not amend ORS 19.255(2), which still sets the deadline for filing a notice of appeal as 30 days from the date that the motion is denied; in this case, plaintiff did not file a notice of appeal within that time.

In response, plaintiff contends that the Court of Appeals erred in holding that the motion for reconsideration was a motion for a new trial. According to plaintiff, the motion was not denominated a motion for a new trial, in substance it did not ask for a new trial, and it did not conform to the requirements of the rules that apply to motions for a new trial. Among other things, plaintiff notes, the motion was not filed within 10 days *after* entry of judgment, as ORCP 64 provides. Because the motion for reconsideration was not a motion for a new trial, plaintiff argues, its filing had no effect on the notice of appeal that was filed later. In the alternative, plaintiff argues that, if this court concludes that the motion for reconsideration did amount to a motion for a new trial, the Court of Appeals correctly determined that, under ORS 19.270(1), no new notice of appeal was required.

The arguments thus framed, we are presented with a series of questions. First, we must determine whether plaintiff's motion for reconsideration amounted to a motion for a new trial. If it did not, then the timing requirements of ORS 19.255(2) that

6

are triggered only upon the filing of a motion for a new trial do not apply, and plaintiff's notice of appeal was timely. If it did, however, then we must turn to a second question, namely, whether the filing of the motion for reconsideration rendered the later notice of appeal premature. If it did not, then plaintiff's appeal was timely. But if it did, then we must turn to a third question, that is, whether plaintiff was required to file a new notice of appeal following the denial of the motion for reconsideration. Because we conclude that plaintiff's motion for reconsideration did not amount to a motion for a new trial, that determination is conclusive, and we need not address the second and third questions.

To establish appellate jurisdiction, a party must comply with several statutory requirements, including the timely filing of a notice of appeal. ORS 19.270(2). The timely filing of the notice of appeal may not be waived or extended. *Id*. Under ORS 19.255(1), subject to specified exceptions, a notice of appeal "must be served and filed within 30 days after the judgment appealed from is entered in the register." One such exception is set out in ORS 19.255(2)(a), which provides that,

> "[i]f a motion for new trial is filed and served within the time allowed by ORCP 64, * * * a notice of appeal must be served and filed * * *
>
> "(a) [w]ithin 30 days after the order disposing of the motion is entered in the register, or within 30 days after the motion is deemed denied[.]"

ORCP 64 F(1), in turn, provides that a motion "to set aside a judgment and for a new trial * * * shall be filed not later than 10 days after the entry of the judgment sought to be set aside[.]"

The question before us is whether a motion for reconsideration of a

7

summary judgment constitutes a "motion for new trial" within the meaning of ORS 19.255(2) and ORCP 64. More precisely, the question is whether a summary judgment is a "trial" within the meaning of those sources of law. That presents an issue of statutory construction, governed by familiar principles that require us to examine the text of the statute and related rules, legislative history, and relevant canons of statutory construction to determine the meaning of the provision most likely intended by those who adopted it. *See State v. Gaines*, 346 Or 160, 206 P3d 1042 (2009) (setting out principles of statutory construction); *A. G. v. Guitron*, 351 Or 465, 471, 268 P3d 589 (2011) (rules of civil procedure are interpreted by means of "'the usual method of statutory interpretation'" (quoting *Pamplin v. Victoria*, 319 Or 429, 433, 877 P2d 1196 (1994))). Included in our analysis is an examination of any prior case law interpreting the provision or provisions at issue. *Halperin v. Pitts*, 352 Or 482, ___, ___ P3d ___ (Oct 4, 2012) (slip op at 10).

ORS 19.255(2) does not define the term "new trial." It does, however, expressly cross-reference ORCP 64, which includes a definition of the term. Under ORCP 64 A, a new trial "is a re-examination of an issue of fact in the same court after judgment." That wording was taken *verbatim* from *former* ORS 17.605 (repealed by Or Laws 1979, ch 284, § 199), the statutory predecessor to what is now ORCP 64 A. That definition of a "new trial," in turn, is based on *former* ORS 17.025 (repealed by Or Laws 1979, ch 284, § 199), which defined a "trial," in the first instance, to be "the judicial examination of the issues between the parties, whether they be issues of law or of fact."

Whether a motion for reconsideration of a summary judgment amounts to a motion for new trial under either ORCP 64 A or its predecessor statutes has been

8

addressed in four prior decisions of this court.

The first is *State ex rel State Farm Mutual Auto. Ins. Co. v. Olsen*, 285 Or 179, 590 P2d 231 (1979). In that case, a dispute over the terms of an insurance policy, the trial court entered summary judgment for the insurer. *Id.* at 181. Thirteen days later, the policyholder plaintiff filed a "motion to reconsider." *Id.* The insurer objected that, under *former* ORS 17.615 (repealed by Or Laws 1979, ch 284, § 199), the statutory predecessor to ORCP 64 F, the policyholder had only 10 days within which to file a motion for a new trial. *Id.* The trial court overruled the objection and granted the motion for reconsideration, ruling that a motion to reconsider a summary judgment is not a motion for "new trial" that is subject to the statutory deadline. *Id.* The insurer petitioned for a peremptory writ of mandamus, and this court issued the writ, holding that the insurer was correct that a motion to reconsider a summary judgment constituted a motion for a new trial. *Id.* at 182-83. The entirety of the court's analysis of the issue consisted of a single sentence: "[W]e think that a motion to set aside a summary judgment sufficiently involves a request to reexamine the factual assertions of the parties that it corresponds to a motion for a new trial" under the statute. *Id.*

The second case is *Cooley v. Roman*, 286 Or 807, 596 P2d 565 (1979). In *Cooley*, the trial court entered summary judgment for the defendant. *Id.* at 809. Ten days later, the plaintiff filed a motion to reconsider and set aside the summary judgment. *Id.* at 810-11. The following month, the trial court denied the motion to reconsider. *Id.* at 811. Three weeks after that, the plaintiff filed a notice of appeal. *Id.* at 810. Thus, the plaintiff had filed the notice of appeal within 30 days of the denial of the motion to

9

reconsider, but more than 30 days from the entry of judgment. The court explained that the timeliness of the filing of the notice of appeal depended on whether the motion to reconsider the summary judgment was, in effect, a motion for a new trial. *Id*. at 811. Citing *Olsen*, the court concluded that the motion to reconsider the summary judgment constituted a motion for a new trial. *Id.* The court's analysis, once again, consisted of the assertion that, because a "trial" is a judicial "examination" of issues, "summary judgment is the result of such a judicial examination, leading the court to conclude that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A motion to set aside a summary judgment," the court explained, "calls upon the court to conduct a new trial in that sense." *Id*.

The next in the sequence is the court's three-paragraph memorandum opinion in *Employee Benefits Ins. v. Grill*, 300 Or 587, 715 P2d 491 (1986). In that case, the trial court entered summary judgment for the plaintiff. The defendant moved to set aside the judgment. The trial court denied the motion. The defendant filed a notice of appeal within 30 days of the denial of the motion to set aside the judgment, but more than 30 days from the entry of the judgment itself. The plaintiff moved to dismiss the appeal as untimely. The Court of Appeals allowed the motion, and this court reversed. The entirety of the court's explanation was that, "[i]n *Cooley v. Roman* * * * [this court] held that a motion to set aside a summary judgment qualifies as a motion for a new trial[.]" *Id*. at 589.

Finally, in *Carter*, the trial court entered summary judgment for the defendant. 304 Or at 540. The plaintiffs then filed a motion to reconsider that decision.

10

Without responding to that motion, the trial court entered judgment for the defendant. Thereafter, however, the court granted the motion to reconsider, vacated the judgment, and denied the summary judgment motion. The defendant appealed. *Id.* The plaintiff moved to dismiss the appeal for lack of jurisdiction, arguing that an order granting a motion for reconsideration is not appealable. *Carter v. U.S. National Bank*, 81 Or App 11, 13, 724 P2d 346 (1986). The defendant invoked ORS 19.010(2)(d), which provides that "[a]n order setting aside a judgment and granting a new trial" is appealable. 304 Or at 540. The question was thus whether a motion for reconsideration of a summary judgment constitutes a motion for new trial.

The Court of Appeals answered the question in the negative. *Carter*, 81 Or App at 15. The court first noted that this court's earlier decisions were distinguishable, principally because they had been decided before the adoption of the Oregon Rules of Civil Procedure. *Id.* at 14. Under the current rules, the court explained, "[a] summary judgment proceeding does not involve the *examination* of issues of fact; indeed, if an issue of material fact exists, summary judgment must be denied." *Id.* at 15 (emphasis in original).

This court reversed. The court first explained that the adoption of ORCP 64 did not affect the validity of its earlier decisions, as the definition of "new trial" under the rule was identical to the statutory predecessor in effect when those cases were decided. *Carter*, 304 Or at 544. As for the merits of the lower court's reasoning on the question whether a motion for reconsideration of a summary judgment amounts to a motion for a new trial, this court's response, in its entirety, was as follows:

11

"Admittedly, a summary judgment proceeding does not decide *contested* facts; that is, the court does not at that time resolve conflicts in the evidence. The court does, however, 'examine' *issues of fact,* in that it examines the parties' factual assertions to determine whether there is any material conflict in the evidence or, if there is not, whether a party is entitled to judgment as a matter of law."

*Id*. at 544 (emphases in original).

Thus, in none of the preceding cases did this court attempt to analyze the intended meaning of ORS 19.255(2), ORCP 64 F, or any of the predecessor statutes under the ordinary rules of construction that require an examination of the text in context, legislative history, and relevant rules of interpretation. In this case, we do so. And our analysis of the relevant provisions leads us to conclude that our prior cases erred in too quickly concluding that a motion for reconsideration of a summary judgment amounts to a motion for new trial.

First, we consider the text of the rule itself and the ordinary meaning of its terms. As we have noted, ORCP 64 A defines a "new trial" as a "re-examination of an issue of fact in the same court after judgment." If a "new" trial is a "re-examination" of an issue of fact, it stands to reason that a trial is an examination of such an issue. The question is thus whether a summary judgment is an "examination" of an issue of fact such as to constitute a "trial" within the meaning of the rule.

An "examination" ordinarily refers to "the act or process of examining or state of being examined." *Webster's Third New Int'l Dictionary* 790 (unabridged ed 2002). The verb "to examine," in turn, commonly means, among other things, "to test by an appropriate method **:** INVESTIGATE * * * to seek to ascertain : attempt to determine

12

* * * to interrogate closely (as in a judicial proceeding.)" *Id*. A summary judgment does not require the court to "examine" issues of fact in the sense that it requires the court to investigate, seek to ascertain, or determine those facts. At the same time, at least in the abstract, a summary judgment requires a court to "investigate" issues of fact in the sense that it requires the court to test whether such issues exist.

We are not to determine the meaning of rules and statutes merely by analyzing their meanings in the abstract, however. *Lane County v. LCDC*, 325 Or 569, 578, 942 P2d 278 (1997) ("[W]e do not look at one subsection of a statute in a vacuum; rather, we construe each part together with the other parts in an attempt to produce a harmonious whole."). In this case, the context strongly suggests that a summary judgment is not the sort of "examination" of issues of fact that makes it a "trial." To the contrary, the manner in which the word "trial" is used throughout the Oregon Rules of Civil Procedure makes clear that the word is used to connote something distinct from summary judgment.

The summary judgment rule itself provides examples. ORCP 47 C provides that a summary judgment motion must be filed "at least 60 days before the date set for trial." Obviously, the rule contemplates that summary judgment and trial are separate and distinct events. The same rule goes on to state that "[t]he adverse party has the burden of producing evidence on any issue raised in the motion as to which the adverse party would have the burden of persuasion at trial." Again, it is clear from the rule that a trial is something distinct from the summary judgment proceeding. In a similar vein, ORCP 47 D provides that the adverse party to a motion for summary

13

judgment "must set forth specific facts showing that there is a genuine issue as to any material fact for trial."

ORCP 51 C provides that "[t]he trial of all issues of fact shall be by jury unless" the parties consent or the court finds that there is no statutory or constitutional right to a jury. Once again, the rule treats a trial, which triggers a right to a jury, as something different from a summary judgment, which by definition does not involve juries.

ORCP 58 sets out the "[m]anner of proceedings on trial by the court," including a statement of the "issues to be tried," the introduction of evidence by the plaintiff in a "case in chief," followed by the introduction of evidence by the defendant, followed by the introduction of rebuttal evidence. The procedure obviously describes something other than a summary judgment proceeding.

And ORCP 64 itself strongly suggests that a "trial" is something other than a summary judgment. ORCP 64 B sets out various grounds for a new trial, most of which do not apply to summary judgment proceedings, including "[i]rregularity in the proceedings" that prevent a party from receiving a "fair trial," misconduct of the jury, "[n]ewly discovered evidence" that neither party could have discovered and "produced at trial," and insufficient evidence "to justify the verdict" or other decision.

The foregoing is consistent with the ordinary understanding of the nature and purpose of summary judgment, which was designed as a mechanism by which the parties achieve resolution of their dispute *without trial*. In fact, the very test for determining whether to grant a motion for summary judgment is whether the record

14

presents "no triable issue of fact." *See, e.g.*, *Johnson v. Mult. Co. Dept. of Community Justice*, 344 Or 111, 118, 178 P3d 210 (2008) (summary judgment is proper only if the record "presents no triable issue of fact"); *Jones v. General Motors Corp.*, 325 Or 404, 413, 939 P2d 608 (1997) (test for summary judgment is the existence of a "triable issue").

It is also consistent with the evidence of the legislature's intentions in adopting the summary judgment procedure. Oregon's summary judgment rule originally was adopted by the legislature in 1975. Or Laws 1975, ch 106, § 1. The wording of the original rule was proposed by the Oregon State Bar, based on the almost identically worded Federal Rule of Civil Procedure 56. *See generally* Michael J. Martinis, Comment, *Summary Judgment Procedure in Oregon: The Impact of Oregon's Adoption of Federal Rule 56*, 13 Willamette LJ 73 (1976). The legislative history consists of the testimony of representatives of the Bar before the House and Senate judiciary committees. In hearings on the bill before the House Judiciary Committee, Donald McEwen, representing the Bar, offered a prepared statement that explained that "[a] motion for summary judgment is a procedure for obtaining judgment *without a trial*." Testimony, House Judiciary Committee, HB 2230, Jan 30, 1975, Ex C (statement of Donald McEwen) (emphasis added).

The Bar offered similar testimony to the Senate Judiciary Committee. There, Laird Kirkpatrick, representing the Bar, offered the same prepared statement, which explained summary judgment as a procedure for obtaining judgment "without a trial." Testimony, Senate Judiciary Committee, HB 2230, Feb 24, 1975, Ex E (statement of Laird Kirkpatrick). In his testimony before the committee he added that, under then-

15

current law, "frivolous claims that cannot be supported cannot really be challenged *before trial*. The lack of merit of the claims cannot be brought out until the trial, which might not occur for a year after the time of the commencement of the litigation." Testimony, Senate Judiciary Committee, HB 2230, Feb 24, 1975, Minutes at 17 (statement of Laird Kirkpatrick) (emphasis added). The proposed summary judgment rule, he explained, provides that "the issues for which there is no genuine issue of fact * * * can be eliminated prior to trial." *Id.* The legislature thus fairly clearly understood that the summary judgment proceeding was something distinct from a "trial"; indeed, that summary judgment was the process by which cases could be resolved "without a trial." *See Snider v. Production Chemical Manufacturing, Inc.*, 348 Or 257, 266-67, 230 P3d 1 (2010) (relying on statements of Bar representatives as to intended meaning of Bar-proposed bill).

Likewise -- consistently with the interpretation of the federal rule on which Oregon's summary judgment rule was based -- cases clearly draw a distinction between summary judgments and trials. *See Pamplin*, 319 Or at 433 ("Because the Oregon rule is almost identical to the federal one and was based on it, decisions of the Supreme Court of the United States concerning [the federal rule] that predated the adoption of the Oregon counterpart inform us as to the intent of the Oregon lawmakers."). The commentary on the federal rule itself notes that the purpose of summary judgment "is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." FRCP 56(e) advisory committee's note (1963). The federal cases similarly treat summary judgment as a distinct procedure designed to avoid trial, not as a form of trial itself. *See,*

16

*e.g.*, *Fortner Enter., Inc. v. United States Steel Corp.*, 394 US 495, 498, 89 S Ct 1252, 22 L Ed 2d 495 (1969) ("Since we find no basis for sustaining this summary judgment, we reverse and order that the case proceed to trial."); *First Nat. Bank of Ariz. v. Cities Service Co*., 391 US 253, 289, 88 S Ct 1575, 20 L Ed 2d 569 (1968) ("It is true that the issue of material fact required by Rule 56(c) to be present to entitle a party to proceed to trial is not required to be resolved conclusively in favor of the party asserting its existence; rather, all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial.").  *See also* Edward Brunet & Martin H. Redish, *Summary Judgment: Federal Law and Practice* § 1.1 (3d ed 2006) (describing summary judgment as a "procedural barrier to the holding of unnecessary trials").

In short, our examination of the text of ORS 19.255(2) and ORCP 64 A in context along with legislative history leads us to conclude that a summary judgment is not a "trial" and that, as a result, a motion for reconsideration of a summary judgment does not constitute a motion for a new trial within the meaning of those laws.  We disavow *Carter* and the earlier cases that hold to the contrary.

In overruling those cases, we are mindful of the importance of *stare decisis*. As we noted in *Farmers Ins. Co. v. Mowry*, 350 Or 686, 698, 261 P3d 1 (2011), "[s]tability and predictability are important values in the law[.]"  Because of the importance of those values, we will not overrule prior decisions "simply because the personal policy preferences of the members of the court may differ from those of our predecessors who decided the earlier case." *Id*.  (Internal quotation marks omitted.)  At

17

the same time, this court has an obligation to reach what we regard as a correct interpretation of statutes and rules. Indeed, we are so obliged whether or not the correct interpretation has even been advanced by the parties. *See Stull v. Hoke*, 326 Or 72, 77, 948 P2d 722 (1997). Particularly when we "failed to apply our usual framework for decision or adequately analyze the controlling issue," we must be open to reconsidering earlier case law. *Mowry*, 350 Or at 698.

In this case, as we have noted, *Carter* and its predecessors gave, at best, brief attention to the controlling issue. There was no attempt to apply the usual rules of statutory construction or to assess thoroughly the interplay between the relevant rules and statutes. Moreover, it is not clear to us that the court has consistently applied the reasoning of *Carter*.

In that regard, we note that, in *Alt v. City of Salem*, 306 Or 80, 756 P2d 637 (1988), the court addressed the question whether a motion for a new trial filed under ORCP 64 in a writ of review proceeding amounted to a motion for new trial that extended the deadline for filing a notice of appeal under ORS 19.255(2). The court held that, because a writ of review proceeding does not authorize the trial court to decide issues of fact, no "trial" is involved. *Id*. at 85. Consequently, the court concluded, there can be no motion for a new trial in such a proceeding, regardless of what the parties call the filing. *Id*. The reasoning of that decision is rather difficult to reconcile with the reasoning of *Carter*, in which the court rejected the argument that a summary judgment is not a "trial" because the court is not authorized actually to decide issues of fact. In fact, the author of the court's opinion in *Carter* dissented in *Alt* on precisely those grounds. *Alt*, 306 Or at

18

86 (Gillette, J., dissenting).

In light of our conclusion that a motion for reconsideration of a summary judgment does not constitute a motion for a new trial within the meaning of ORS 19.255(2) and ORCP 64, the disposition of this dispute is straightforward. Because the motion was not one for a new trial, the timing requirements of ORS 19.255(2) do not come into play. The parties agree that the notice of appeal was otherwise timely filed. We therefore conclude that the Court of Appeals correctly determined that it possessed jurisdiction over the appeal, albeit for different reasons.

The decision of the Court of Appeals is affirmed, and the case is remanded to the Court of Appeals for further proceedings.