Argued January 31, reversed March 23, 1966

# SILVA *v.* STATE OF OREGON
## 412 P. 2d 375

*Richard Smurthwaite,* Deputy District Attorney, Hillsboro, argued the cause for appellant. With him on the brief were Hollie Pihl, District Attorney and Sanford Kowitt, Deputy District Attorney, Hillsboro.

*DeMar L. Batchelor,* Hillsboro, argued the cause

for respondent. With him on the brief were Schwenn & Bradley, Hillsboro.

Before McAllister, Chief Justice, and Perry, Sloan, Goodwin, Denecke, Holman and Schwab, Justices.

SLOAN, J.

The petition for a Writ of Review in this case alleged, in substance: That Silva had been given a traffic violation citation charging him with eluding arrest. He appeared before the district court as required. He asked the judge to advise him of the nature of the charge, penalty, etc. The judge did not do so. Silva first pleaded not guilty. His mother then intervened and after further conversation with the judge, Silva plead guilty. He was placed on probation for six months.

His only allegation of error was that the judgment of conviction on a plea of guilty was void because he was not advised of his statutory and constitutional right to counsel. After a hearing the circuit court voided the conviction because the district judge had failed to advise Silva of his right to counsel. The court held that this failure deprived the district court of jurisdiction. The circuit court's decision was made on constitutional grounds and on the statute, ORS 133.610. The state appeals.

We think there was a fatal procedural defect in this case which requires reversal without decision on the merits. The only record from the district court which was brought to the circuit court did not establish any of the allegations of fact made in the petition for the writ.

■■ On a Writ of Review, the court will not pass upon questions of fact. The writ must be tried on the record brought from the inferior court. *Bechtold et al v. Wilson et al,* 1947, 182 Or 360, 366, 186 P2d 525, 187 P2d 675. In the instant case the only record made in the district court was the short record made on the citation as permitted by ORS Chapter 484. This record shows the entry of a plea of not guilty which was crossed out and a plea of guilty written in, together with the judgment of six months probation. That is the extent of the record in the district court.

By this record there would have been nothing for the circuit court to act upon. The record does not reveal any showing that the district court exceeded its jurisdiction in any respect. We assume, without deciding, that the proper procedure in this case would have been for Silva to have made a motion in the district court for permission to withdraw the plea of guilty because he did not have the advice of counsel, and that he be allowed to stand trial. If that had been refused then there would have been a record which would have supported allegations for a Writ of Review.

As the district court record now stands Silva was convicted on a plea of guilty. There was nothing in the district court record to indicate that the district court exceeded its jurisdiction in accepting the plea of guilty or in imposing sentence. Absent such a record, there is nothing to show that there was anything wrong about the plea of guilty or the judgment which requires correction.

The judgment must, therefore, be reversed and the judgment of the district court reinstated.