Argued October 21, remanded with instructions to dismiss
the writ December 9, 1974

GLEA CLIFTON HUMPHREYS, *Respondent, v.*
STATE OF OREGON (No. 33434), *Appellant.*

528 P2d 1094

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

*Paul B. Osterlund,* Toledo, argued the cause and filed the brief for respondent.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

LANGTRY, J.

Pursuant to ORS 34.010 et seq. plaintiff Glea Clifton Humphreys obtained an interlocutory writ of review by the circuit court of a district court order denying his motion for leave to withdraw a plea of guilty to a charge of driving with a blood-alcohol level of .15 percent or more. ORS 483.999 (1). The circuit court then adjudged the district court's denial of the motion to be an abuse of discretion and remanded the case with instructions to allow a withdrawal of the plea. The state here appeals as erroneous the order of the circuit court.

The record shows that plaintiff pleaded guilty on May 29, 1973 and filed a written motion to withdraw—supported by affidavit—on June 12, 1973. The affidavit alleged that when the plea was made plaintiff wanted to consult with an attorney, but knew he was ineligible for a court-appointed attorney and thought he could not afford to hire one; that he did not "fully" understand the charges or the consequences of a guilty plea; that he subsequently obtained an attorney, concluded he made a mistake in entering the plea, and wanted to change it. The affidavit does not allege, however, that any or all of his rights—including the right to counsel—were not explained to him before he entered the plea and nothing otherwise in the record indicates whether any "knowing" waiver took place.

The district judge denied the motion by written order July 5, 1973, "nunc pro tunc as of June 18, 1973." The record contains no information about what, if any, evidence or argument was heard by the

district judge preceding his ruling. The writ of review was dated June 26, 1973 and was returned July 16, 1973. The circuit court order from which this appeal was taken is dated February 28, 1974. No reason for the delay in determining the writ of review appears in the record. No judgment or conclusion of the charge is in the record, and it is obvious there has been no judgment in district court. There is an order of the circuit judge which served to "stay" the proceedings in district court—an action that apparently was thought to have been made possible by the terms of ORS 34.070:

> "In the discretion of the court or judge issuing the writ, the writ may contain a requirement that the defendant desist from further proceedings in the matter to be reviewed, whereupon the proceedings shall be stayed accordingly."

However, ORS 157.070, which applies to judgments and orders of justice's courts (and is made applicable to district courts by ORS 157.080), provides:

> "* * * [E]ither party in a justice's [district] court * * * [may have] an interlocutory order *which involves the constitutionality of a statute or of the proceedings* which may affect the final judgment *or the judgment* reviewed in the circuit court for errors in law appearing upon the face of the judgment or the proceedings connected therewith, as provided in ORS 34.010 to 34.100." (Emphasis supplied.)

The proceeding at bar is not one in which the constitutionality of a statute or the proceedings was challenged. The plaintiff alleged only an abuse of discretion. He did not allege, as we have noted, that his constitutional and statutory right to counsel was

not explained or offered to him, or that he did not knowingly waive the same.

ORS 157.010 and 157.080 provide for appeals in cases like this from district courts. ORS 157.010 states:

"In a criminal action in a justice's [district] court, except where the judgment is given on a plea of guilty, an appeal may be taken from a judgment of conviction to the circuit court of the county in which the judgment is given, as prescribed in this chapter, *and not otherwise.*" (Emphasis supplied.)

The cumulative effect of this statute and ORS 157.070, quoted supra, on the case at bar, where a plea of guilty has been made, is to deprive defendant of a direct appeal, but to allow it on the basis of ORS 157.070 *after judgment* to be reviewed "for errors in law appearing upon the face of the judgment or the proceedings connected therewith * * *" on a writ of review (ORS 34.010 to 34.100).

In *State v. Etling,* 256 Or 33, 470 P2d 950 (1970), which was a district court criminal case in which an interlocutory writ of review was allowed by the circuit court, the court said:

"* * * [ORS 157.070 permits] review by the circuit court only of (1) an interlocutory order which involves the constitutionality of a statute or of the proceedings which may affect the final judgment, or (2) the judgment. The denial of the motion for change of judge in this case does not come within either category. No constitutional question is involved and no judgment has been entered * * *.

"* * * * * .

"Because the statutes do not permit the use of the writ of review in the circumstances of this

case, the decision of the circuit court is reversed." 256 Or at 35-36.

Inasmuch as there was no judgment in district court, but only a plea in the case at bar, the writ was premature, and the circuit court was at that point without jurisdiction to proceed.

Remanded with instructions to dismiss the writ.[1][2]

---

[1] Inasmuch as the case must be returned to the district court for further proceedings, we point out again that the record which has come up with this appeal fails to disclose whether, in the district court before the plea was made, the provisions of ORS 135.040 et seq. were explained to plaintiff. These statutes require the court before plea to inform a defendant of his right to counsel and his eligibility to appointed counsel "unless the person waives counsel and the court approves the waiver." ORS 135.045.

Unless the affidavit alleging the basis for a writ of review asserts a failure to comply with these statutes, there is a serious question whether cause exists for action on the writ. *See* Silva v. State, 243 Or 187, 412 P2d 375 (1966).

[2] After this decision was handed down, the Oregon Supreme Court came to the same result in a direct appeal to that court in Doran v. State of Oregon, 270 Or 758, 529 P2d 928 (1974).