Submitted on record and appellant's brief January 29,
reversed and remanded February 24, 1975

CARTER, *Respondent, v.* REEVES (Nos. 8552,
8560, 8561), *Appellant.*

532 P2d 31

Robert E. Brasch, District Attorney, Coquille, for appellant.

No appearance for respondent.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

FOLEY, J.

This is an appeal from an order of the Circuit Court for Coos County in a writ of review proceeding directing Charles H. Reeves, district judge, to permit the petitioner, Carter, to withdraw his pleas of guilty in district court to charges of DUIL and failure to leave name and address at the scene of an accident and to enter pleas of not guilty to the charges. District Judge Reeves appeals from the order. ORS 157.070; *Doran v. State of Oregon,* 270 Or 758, 529 P2d 928 (1974).

The record of the district court proceeding indicates that on October 25, 1974, Carter pleaded guilty before Judge Reeves to charges of driving while under the influence of intoxicating liquor and failure to leave his name and address at the scene of an accident. ORS 483.992(2) and 483.602(2)(a). Sentencing was set for October 28 but was rescheduled to October 29, at which time Carter was sentenced.

Carter filed a petition for writ of review with the circuit court on November 4, 1974, alleging that he had attempted to withdraw his plea of guilty but that Judge Reeves refused to allow withdrawal and in doing so "did misinterpret the facts and law applicable * * *." A writ of review was issued, a

hearing on the writ was held, and the circuit court issued the order which is the subject of this appeal.

An initial issue not raised by either party to this appeal is whether the district court record before the court would support the order made by the circuit court after the hearing on the writ of review.

ORS 157.070 provides:

"No provision of ORS 157.010 to 157.065, in relation to appeals or the right to appeal in criminal actions, shall be construed to prevent either party in a justice's court from having an interlocutory order which involves the constitutionality of a statute or of the proceedings which may affect the final judgment *or the judgment reviewed in the circuit court for errors in law appearing upon the face of the judgment or the proceedings connected therewith,* as provided in ORS 34.010 to 34.100." (Emphasis supplied.)

■ ORS 157.070, made applicable to district courts by ORS 157.080, limits writs of review in criminal proceedings to (a) an interlocutory order involving the constitutionality of a statute or of the proceedings, or (b) errors of law on the face of the judgment or the proceedings connected therewith. *Doran v. State of Oregon,* supra. *See also State v. Etling,* 256 Or 33, 470 P2d 950 (1970). In *Humphreys v. State of Oregon,* 19 Or App 630, 528 P2d 1094 (1974), this court directed that a writ be dismissed where a defendant obtained an *interlocutory* writ of review alleging an abuse of discretion by a district court in denying a motion for leave to withdraw a plea of guilty. In *Humphreys* we noted that no judgment yet existed, and, since no constitutional question was raised, the writ was premature.

■ The district court record in the present case does not disclose an interlocutory order of any kind nor does it disclose any "errors in law appearing upon the face of the judgment or the proceedings connected therewith * * *."

All that is reflected in the record is that Carter pleaded guilty, a time was set for sentencing, and sentencing was delayed for one day, after which sentence was imposed. The record does not reveal any request for nor any ruling on a request to withdraw a guilty plea.[1] *See Silva v. State*, 243 Or 187, 412 P2d 375 (1966).

Since the record does not support the alleged grounds for issuance of a writ of review, the order of the circuit court directing that Judge Reeves allow petitioner to withdraw his guilty plea must be reversed.

Reversed and remanded.

---

[1] Judge Reeves, prior to the hearing on the writ, submitted a written "Statement of Summary Court Proceedings Not Revealed In Transcript," which purported to narrate the proceedings held in the district court, but this summary is not properly a part of the record. The fact that such a summary exists is immaterial. As the Supreme Court said in Doran v. State of Oregon, 270 Or 758, 529 P2d 928 (1974):

"* * * The fact that the plaintiff caused the proceedings in the district court to be transcribed is immaterial. He is foreclosed from the use of a criminal writ of review unless he comes within one of the statutory grounds set out in ORS 157.070."