Submitted on remand from the Oregon Supreme Court, October 30, 1979,
reversed and remanded January 28, 1980

## HENTHORN,
*Appellant,*

*v.*

## GRAND PRAIRIE SCHOOL DISTRICT,
### No. 14, Linn County,
*Respondent.*

(No. 50242, CA 11195, SC 26182)

605 P2d 734

Robert D. Durham, Eugene, argued the cause for appellant. On the briefs were Kulongoski, Heid, Durham & Drummonds, and Liana Colombo, John T. Kehoe, and Edward P. Heid, Eugene.

Sam Kyle, Albany, argued the cause for respondent. With him on the brief was Emmons, Kyle, Kropp & Kryger, Eugene.

[215]

Before Schwab, Chief Judge, and Richardson and Joseph, Judges.

JOSEPH, J.

**JOSEPH, J.**

This matter is before us on remand from the Supreme Court pursuant to its decision (287 Or 683, 601 P2d 1243 (1979)) that this court was wrong in holding that the circuit court had no jurisdiction under ORS 342.835(3) over plaintiff's writ of review proceeding. 39 Or App 351, 591 P2d 1198 (1979). That is, the Supreme Court held that a writ of review under ORS 34.040 is the "appeal" intended by ORS 342.835(3). That "appeal" is limited, however. The court said:

> "*** [I]n view of the express limitations imposed by ORS 342.835(3) upon any 'appeal' from such a hearing, the scope of review under a writ of review in such a case is limited to 'the procedures at the hearing' and 'whether notice of nonrenewal was timely given.'"[1] 287 Or at 692.

We understand the Supreme Court's statement to mean that plaintiff is not entitled to assert a claim under ORS 342.835(3)(b) because she was not *dismissed.* She was "nonrenewed." We are directed to "consider and decide the issues raised by plaintiff's assignments of error ***."

The substance of plaintiff's attack on the trial court's dismissal of her writ of review is that she was improperly denied an evidentiary hearing that would have allowed her to show that the reasons for her contract not being renewed, which were furnished her in the statutory written statement of reasons, were not the actual reasons and that the Board's decision was actually based on information not disclosed to her.[2]

---

[1] The *statute* says:

"(3) If an appeal is taken from any hearing, the appeal shall be limited to:

"(a) The procedures at the hearing;

"(b) Whether the written copy of reasons for dismissal required by this section was supplied; and

"(c) In the case of nonrenewal whether notice of nonrenewal was timely given."

[2] Plaintiff does not contend that the notice of nonrenewal was untimely, or that the written statement of reasons was improper, if the reasons given were the actual reasons.

She concedes that the usual rule is that a writ of review is limited to the record made in the lower tribunal, but she points out that, in this instance, "[w]ere review limited to the record, plaintiff would be denied any possibility of showing these procedural irregularities" which were encompassed by her petition for the writ. [3] She points to this language from *Bienz v. City of Dayton,* 29 Or App 761, 784, 566 P2d 904, *rev den* (1977):

> "[T]he trial court should allow an evidentiary hearing for the purpose of proving an alleged procedural irregularity that does not appear in the record. For example, a petitioner may want to prove that in fact no notice was given to interested persons although the record indicates to the contrary. Another example would be evidence concerning ex parte contacts that are not made part of the record. The hearing should be carefully limited to evidence germane to the alleged procedural defect." (Citations omitted.)

We agree that this is an instance to which the quoted language applies. Her allegations in support of the writ in effect alleged what may fairly be termed the ultimate in defectiveness of a procedure or notice: They were shams. If that is true, then she was denied the opportunity guaranteed her by ORS 342.835(2) to be heard on the bases for the "cause [the district Board] may deem in good faith sufficient [to] refuse to renew" her contract. We therefore reverse and remand.

Reversed and remanded.

---

[3] Plaintiff made an offer of proof at the argument on defendant's motion to quash, which indicated that testimony would be adduced that would indicate the Board actually based its decision not to renew on information given some of its members by the superintendent of another district where plaintiff formerly taught.