Argued and submitted March 3, order of the Court of Appeals dismissing appeal for lack of jurisdiction affirmed June 21, reconsideration denied July 26, 1988

ALT,
*Petitioner on Review,*

*v.*

CITY OF SALEM et al,
*Respondents on Review.*

(TC 147203; CA A37416; SC S34412)

756 P2d 637

William G. Paulus, of Garrett, Seideman, Hemann, Robertson & Demuniz, P.C., Salem, argued the cause and filed the petition for petitioner on review.

Paul Lee, Assistant City Attorney, Salem, argued the cause and filed a response to petition for review for respondent on review. With him on the response to the petition was William J. Juza, City Attorney, Salem.

CAMPBELL, J.

Gillette, J., dissented and filed an opinion in which Carson and Jones, JJ., joined.

## CAMPBELL, J.

The issue that we decide is whether a writing labeled "MOTION FOR NEW TRIAL (ORCP Rule 64C)" filed in a writ of review proceeding was in fact a motion for a new trial which extended the deadline for filing a notice of appeal. The Court of Appeals held that the writing in question was not a motion for a new trial and dismissed the appeal for lack of a timely notice of appeal. *Alt v. City of Salem,* 86 Or App 627, 740 P2d 216 (1987). The decision of the Court of Appeals is affirmed.

Plaintiff was employed by the City of Salem. His employment was terminated for cause and plaintiff appealed the termination to the City of Salem Civil Service Commission. The commission affirmed the decision to terminate plaintiff's employment. Plaintiff then petitioned the Circuit Court for Marion County for a writ of review. The writ issued, the record of the commission proceedings was submitted with the return of the writ and a non-evidentiary hearing was held. The circuit court affirmed the decision of the commission.

Judgment for defendant was entered on August 21, 1985.[1] Plaintiff filed a writing entitled "MOTION FOR NEW TRIAL (ORCP Rule 64C)" (the motion) on August 20, 1985. The motion was denied in an order entered October 3, 1985. Plaintiff filed a notice of appeal on October 2, 1985.[2]

In most cases, a notice of appeal in a civil case must be filed within 30 days of the entry of judgment in the register. ORS 19.026(1). However, if a motion for a new trial is filed, the notice of appeal must be filed within 30 days after the date that the order disposing of the motion is entered in the register or is deemed denied. ORS 19.026(2). The notice of appeal was filed before the entry of the order disposing of the motion and more than 30 days after the entry of the judgment.

---

[1] The judgment was entitled "JUDGMENT ORDER." This term is improper. ORCP 70A. *See May v. Josephine Memorial Hospital,* 297 Or 525, 528 n 8, 686 P2d 1015 (1984). This court takes judicial notice of the date of entry of the judgment, which is a matter of public record. The judgment attached to the notice of appeal contained no clear indication of date of entry in the register as required by ORAP 2.05(14).

[2] These dates are correct. *See supra* note 1. The notice of appeal was filed after the order denying a motion for a new trial was signed but before it was entered. Similarly, the judgment had not been entered when the motion for a new trial was filed.

The Court of Appeals held that the motion was not a motion for a new trial and dismissed the appeal for lack of timely filing of the notice of appeal. Without a timely notice of appeal, appellate courts have no jurisdiction to decide the merits of a case. ORS 19.033(2)(b).

Denominating a writing a motion for a new trial does not make the writing a motion for a new trial. In *Carter v. U.S. National Bank,* 304 Or 538, 747 P2d 980 (1987), this court held that a document entitled "Motion for Reconsideration" was in fact a motion for a new trial. A document not entitled "motion for a new trial" may therefore be a motion for a new trial. Conversely, a document entitled "motion for a new trial" is not necessarily such a motion.

ORCP 1A makes the rules of civil procedure applicable to "all civil actions and special proceedings whether cognizable as cases at law, in equity, or of statutory origin except where a different procedure is specified by statute or rule." A writ of review proceeding is a special proceeding of statutory origin. *State v. Threet,* 294 Or 1, 4-5, 653 P2d 960 (1982). Therefore, the rules of civil procedure apply to writ of review proceedings to the extent that a different procedure is not specified in the writ of review statutes, ORS 34.010 to 34.100, and to the extent that the rules are applicable to the proceeding.[3]

The writ of review statutes do not provide any procedure for motions, and motions for a new trial were not made in common-law writ of certiorari proceedings.[4] Therefore, if there is any authority for a motion for new trial in a writ of review proceeding, it must be found in the rules of civil procedure.

ORCP 64 provides in part:

"A.    A new trial is a reexamination of an issue of fact in the same court after judgment.

"B.    A former judgment may be set aside and a new trial

---

[3] *See* Merrill, *Oregon Rules of Civil Procedure Background and Application ORCP 1,* in 1980 Oregon Civil Procedure Rules 221-22 (Oregon Law Institute 1979). It is clear that many, if not most, of the rules of civil procedure are inapplicable in writ of review proceedings which use different pleadings and limited in-court procedures.

[4] The writ of review is the statutory equivalent of the writ of certiorari. ORS 34.010.

granted in an action where there has been a trial by jury on the motion of the party aggrieved for any of the following causes materially affecting the substantial rights of such party:

"* * * * *

"B.(5)  Insufficiency of the evidence to justify the verdict or other decision, or that it is against law.

"C.  In an action tried without a jury, a former judgment may be set aside and a new trial granted on motion of the party aggrieved on any grounds set forth in section B. of this rule where applicable. * * *"[5]

What must therefore be determined is whether there is any possibility of a "reexamination of an issue of fact" in a writ of review proceeding. A circuit court, in a writ of review proceeding, may review the jurisdictional, procedural, legal and constitutional bases of the challenged decision. It may also determine whether the decision is supported by substantial evidence. ORS 34.040. In making these determinations, the reviewing court reviews the record and does not take new evidence. *Brooks v. Dierker,* 275 Or 619, 625, 552 P2d 533 (1976); *Wing v. City of Eugene,* 249 Or 367, 371, 437 P2d 836 (1968). Therefore, as stated in *Silva v. State,* 243 Or 187, 189, 412 P2d 375 (1966): "On a Writ of Review, the court will not pass upon questions of fact."

Despite decisions by the Court of Appeals allowing limited evidence taking by courts in writ of review proceedings,[6] the rule that a court in a writ of review proceeding cannot go outside the record to obtain evidence is a good one. Under certain circumstances a record may be supplemented[7] or, if a record is inadequate, the reviewing court may remand for further proceedings, but the reviewing court should not allow new evidence or hold evidentiary hearings. The only possible justification for the continued existence of writs of

---

[5] Although ORCP 64B(5) does purport to allow the granting of a motion for a new trial for insufficiency of the evidence or a verdict against the law, this subsection is severely limited in some cases by Article VII (Amended), section 3, of the Oregon Constitution.

[6] *Henthorn v. Grand Prairie School Dist.,* 44 Or App 215, 605 P2d 734 (1980); *Bienz v. City of Dayton,* 29 Or App 761, 566 P2d 904, *rev den* 280 Or 171 (1977); *Duddles v. City Council of West Linn,* 21 Or App 310, 535 P2d 583 (1975).

[7] A plaintiff may attempt to supplement the record by affidavit attached to the petition. The defendant or opposing party may seek to supplement the record by attachments to the return. If any supplement is controverted, the reviewing court cannot decide the facts, but can only remand for a factual determination.

review is that the procedure is fast and simple. Allowing evidence outside the record would change the nature of the proceeding and expand the scope of a writ of review beyond the statutory authorization.

A determination of the sufficiency of the evidence is not an examination of an issue of fact, it is a determination of a question of law. *Kirkpatrick v. Peet,* 247 Or 204, 211, 428 P2d 405 (1967). The reviewing court does not decide what the facts are, but merely decides the legal question whether the evidence is sufficient to support the decision. It therefore follows that there can be no reexamination of an issue of fact and consequently there can be no new trial in a writ of review proceeding.[8] Without the possibility of a new trial, a motion for new trial cannot properly exist and ORCP 64 is not applicable in writ of review proceedings. The motion was not a motion for a new trial and did not extend the time for filing a notice of appeal.

In simple terms, our conclusion is that there is no trial in a writ of review proceeding and there cannot be a "new trial" in writ of review proceedings.[9] The writing filed was either a nullity or a motion for relief from judgment (ORCP 71). It did not create a new deadline for filing the notice of appeal and the notice of appeal filed more than 30 days after entry of judgment was untimely.[10]

---

[8] The issue in this case is different from the issue in *Carter v. U.S. National Bank,* 304 Or 538, 747 P2d 980 (1987). In *Carter* the issue was whether there could be a motion for a new trial at a certain stage of a normal civil action. In the present case, the issue is whether there can be a new trial at any stage of a writ of review proceeding. A writ of review, while not an appeal, has some appellate features. Facts are never decided in writ of review proceedings. The whole purpose of a new trial is to submit the evidence to the trier of fact so that the trier of fact can make a decision based on a proper application of the law. There is no trier of fact in a writ of review proceeding and therefore no evidence can be submitted to the trier of fact. Without the possibility of submitting evidence to a trier of fact, there is no reason for a new trial, and a motion for a new trial would necessarily be futile. We do not accept that a motion which of necessity is futile can properly exist and we therefore hold that there cannot be a motion for a new trial in a writ of review proceeding. The motion was either void, a motion for reconsideration or a motion for relief from the judgment.

[9] "Again application [of the rules of civil procedure] is in many cases limited by the nature of the proceeding; e.g., the writ of review would not involve application of various elements of the ORCP covering trial procedures." Merrill, *supra* note 3, at 222.

[10] We further note that even if the motion were a motion for a new trial, the notice of appeal was entered one day before the entry of the order denying the motion. The filing of the notice of appeal deprived the trial court of jurisdiction to enter the order. *Ellis v. Roberts,* 302 Or 6, 9, 725 P2d 886 (1986). However, given the decision in this case, the entry or lack of entry of the order is irrelevant to appellate jurisdiction under these facts.

The order of the Court of Appeals dismissing the appeal for lack of jurisdiction is affirmed.

**GILLETTE, J.,** dissenting.

In *Carter v. U. S. National Bank,* 304 Or 538, 747 P2d 980 (1987) — a case decided by this court less than six months ago — we established a clear and clean line for determining when a motion, however denominated, performed the office of a "motion for new trial" under ORCP 64 and extended the time in which an appeal could be filed under ORS 19.026(2). Today, a majority of this court departs from that precedent, erases the line, and leaves the Court of Appeals and trial courts once again lost in an *ad hoc* exercise without guidelines. There being no clearly articulated reason for the departure apart from the rather lame explanation that this case is different, I dissent.

The facts of the case, such as they are, are adequately stated by the majority and will not be repeated here. The issue is whether there can be an efficacious "motion for a new trial" in a writ of review proceeding. The majority holds that there may not be, because a writ of review proceeding does not involve a decision as to a fact, which the majority reads as indispensable to a proceeding having been a "trial" under ORCP 64 in the first instance. This is a textually incorrect reading of the rule.

A circuit court, in a writ of review proceeding, may review a variety of issues including the jurisdictional, procedural, legal and constitutional bases of the challenged decision. But it also may determine whether the decision is supported by substantial evidence. ORS 34.040. In passing on the substantiality of evidence, the circuit court takes no new evidence; it confines its review to the evidence in the record of the inferior tribunal. *See, e.g., Brooks v. Dierker,* 275 Or 619, 625, 552 P2d 533 (1976). But, as our recent decision in *Carter v. U. S. National Bank, supra,* demonstrated, the fact that a writ of review court does not take *new* evidence does not keep the proceeding from qualifying as a "trial."

In *Carter,* the issue was whether a summary judgment was a "trial" for the purposes of ORCP 64A, which defines a "new trial" as a "reexamination of an issue of fact in the same court after judgment." While recognizing that a court that

awards summary judgment has not actually decided any issue of fact, this court nonetheless held that a summary judgment met the requirements of ORCP 64A. We explained:

"For the purposes of argument, we accept the conclusion of the Court of Appeals that the definition of a 'new trial' in ORCP 64A. suggests that a 'trial' must involve the examination of issues of fact. In that court's view, the court in a summary judgment proceeding examines only issues of law. The court concluded that, with the repeal of *former* ORS 17.025, such an examination no longer qualifies as a 'trial.' Thus, an order setting aside a summary judgment does not permit a 'new' trial; it only means that the factual issues will be 'tried' for the first time.

"We disagree. Admittedly, a summary judgment proceeding does not decide *contested* facts; that is, the court does not at that time resolve conflicts in the evidence. The court does, however, 'examine' *issues of fact,* in that it examines the parties' factual assertions to determine whether there is any material conflict in the evidence or, if there is not, whether a party is entitled to judgment as a matter of law. This court recognized as much in [*State ex rel State Farm Mutual Auto Ins. Co. v.*] *Olsen,* [285 Or 179, 500 P2d 231 (1979)] where we stated that a motion to set aside a judgment involves 'a request to reexamine the *factual assertions* of the parties.' 285 Or at 182-[8]3 (emphasis supplied). The Court of Appeals thus erred in holding that a summary judgment proceeding no longer qualifies as a 'trial' and that a motion to set aside a summary judgment no longer can be considered a motion for a new trial on that account. * * *"

*Id.* at 544. (Emphasis in original.)

The same reasoning applies to a writ of review proceeding. In summary judgment, the trial court hears no new evidence. Its review is confined to the pleadings, depositions, admissions and affidavits on file. ORCP 47C. In a writ of review proceeding, the trial court hears no new evidence. Its review is confined to the record made before the inferior tribunal. ORS 34.020, 34.040. In summary judgment, the trial court first reviews the record to determine if there are any contested issues of material fact. If not, the matter may be disposed of one way or the other as a matter of law. In a writ of review proceeding, the trial court first reviews the record to determine if issues of fact play a role in the decision below. If not, the matter may be disposed of one way or the other as a

matter of law. In summary judgment, if there are material issues of fact, the matter may not be decided by awarding summary judgment — summary judgment must be denied as a matter of law. If there are no issues of material fact, the trial court reviews the established facts to determine if they permit the moving party to prevail as a matter of law. The trial court considers the evidence, but does not weigh it. In a writ of review proceeding, if facts play a role, the trial court reviews the findings of fact made by the inferior tribunal to determine if those findings are supported by substantial evidence. ORS 34.040(3). This test of substantial evidence is a legal test. The trial court considers the evidence, but does not weigh it. If the findings are supported by substantial evidence, the only further function of the trial court is to determine if the facts found legally justify the decision reached by the inferior tribunal. If they do, the inquiry is over.

The foregoing fully illustrates the parallel between these two procedures — while facts play a role in each, the trial court's duty is not to find those facts, but to apply legal standards to facts derived from other sources. That being true, there is no justification for denying to the plaintiff here what was available to the party seeking reconsideration in *Carter*. The Court of Appeals erred in holding that a motion for a new trial was unavailable in writ of review proceedings. It follows that the court's dismissal of the appeal in this case as not timely filed was also erroneous.

The majority never faces the analysis of *Carter* fairly. It appears to rely on the fact that *Carter* was a "normal civil action" while a writ of review "has some appellate features." (306 Or at 85 n 8.) That is not especially correct descriptively and is irrelevant analytically. The rest of the majority's discussion of this pivotal point deserves dissection:

1. "Facts are never decided in writ of review proceedings." (306 Or at 85 n 8.) "Deciding" facts is not the standard. The question is whether an "issue of fact" is "examined." ORCP 64A. Only by this transmogrification of "examine" into "decide" can the majority make things easy for itself. A writ of review court does "examine" issues of fact. It examines the facts found in the inferior tribunal to see if they support a legal conclusion. Similarly, a court on summary judgment does not "decide" facts, either. But it does do what

ORCP 64A actually calls for — it *examines them.* It reviews the facts established by the parties in their pleadings, affidavits and admissions to determine the legal significance of those already-established facts. This is enough to constitute a "trial" for the purposes of ORCP 64A. *Carter v. U. S. National Bank, supra,* 304 Or at 544. The distinction suggested by the majority is a fiction.

2. "The whole purpose of a new trial is to submit the evidence to the trier of fact so that the trier of fact can make a decision based on a proper application of the law." (306 Or at 85 n 8.) That may or may not be the purpose of a new trial, but it does not even speak to what we have in this case, which is a *motion* for a new trial. The office of *that* motion is simply to show the court that it has committed one or more *legal errors* — a function just as valuable to a conscientious writ of review court as to a circuit court engaged in any other litigation.

3. "There is no trier of fact in a writ of review proceeding and therefore no evidence can be submitted to the trier of fact." (306 Or at 85 n 8.) There was no trier of fact on the summary judgment proceeding in *Carter,* either. But that was not pertinent there — and it is not here — because the examination of facts derived from other sources for their legal sufficiency is a trial under ORCP 64A, as *Carter* inescapably holds. 304 Or at 544. The majority refuses to recognize *Carter's* holding and consistently misunderstands the thrust of ORCP 64A as this court has construed it.

4. "Without the possibility of submitting evidence to a trier of fact, there is no reason for a new trial and a motion for a new trial would necessarily be futile." (306 Or at 85 n 8.) It would not, because all that is necessary to justify the motion is a desire to have the court "reexamine" an issue of fact. That is what the language of ORCP 64A says. The writ of review court has "examined" the issues of fact, as already demonstrated. There has been a "trial." That is the pertinent inquiry. *Carter v. U. S. National Bank, supra.* Any issue about what may occur if the motion is considered and allowed is a purple flounder.

5. "We do not accept that a motion which of necessity is futile can properly exist and we therefore hold that there cannot be a motion for a new trial in a writ of review

proceeding." (306 Or at 85 n 8.) If the premises for this sentence were correct, perhaps the sentence would be correct as well. But, as I have demonstrated at some length, the premises are fallacious. So, therefore, is this sentence.

The motivation for the majority's obstinate refusal to acknowledge the holding in *Carter* and follow it is difficult to fathom. In defense of the author of the majority opinion, it can at least be said that he did not participate in *Carter.* But the rest of the majority did participate in that very recent decision. Unless they are suffering from some undisclosed form of "buyer's remorse" over *Carter,* their participation in this opinion is inexplicable. And, if they think *Carter* wrong, it should be remembered that there is another forum in which our reading of ORCP 64A can be adjusted.

*Carter* held that a circuit court case in which the judge examined facts derived from another source for their sufficiency under a legal standard was a "trial" for the purposes of the "reexamination of an issue of fact" language of ORCP 64A. The present majority opinion holds to the contrary, without any intervening change in the pertinent language of the rule. That is not the way this court should do business.

I dissent.

Carson and Jones, JJ., join in this dissenting opinion.