Art ROBINSON,
*Plaintiff-Respondent*
*Cross-Appellant,*

*v.*

Peter DEFAZIO,
*Defendant-Appellant*
*Cross-Respondent,*

*and*

John DOEs 1, 2, and 3;
and DeFazio for Congress Committee,
*Defendants.*

Josephine County Circuit Court
12CV1144; A156582

392 P3d 781

Linda K. Williams argued the cause for appellant-cross-respondent. With her on the briefs was Daniel W. Meek.

James L. Buchal argued the cause for respondent-cross-appellant. With him on the briefs was Murphy & Buchal LLP.

Before Armstrong, Presiding Judge, and Hadlock, Chief Judge, and Egan, Judge.

**EGAN, J.**

Defendant Peter DeFazio appeals from a supplemental judgment that awarded him some, but not all, of his attorney fees and costs against plaintiff Art Robinson. On appeal, defendant argues that the trial court erred by applying unlawful and impermissible factors when it reduced defendant's attorney fee request.[1] As explained below, we conclude that the trial court abused its discretion when it reduced defendant's award of attorney fees.[2] Accordingly, we vacate and remand on appeal.

The circumstances material to our analysis and disposition are undisputed. Plaintiff and incumbent defendant were competing candidates in the 2012 election for the United States House of Representatives Oregon Congressional District number four position. Plaintiff filed a complaint against defendant alleging that defendant had erected billboards that lacked disclosures required by federal law, and thus appropriated plaintiff's likeness and placed plaintiff in a false light. Defendant filed special motions to strike each of plaintiff's claims under ORS 31.150, Oregon's anti-Strategic Lawsuit Against Public Participation (anti-SLAPP) statute.[3]

---

[1] In defendant's second assignment of error, he contends that the trial court erred as a matter of law by failing to supply findings sufficient for appellate review. We conclude that the trial court's findings in the letter opinion addressing attorney fees were sufficient under *McCarthy v. Oregon Freeze Dry, Inc.*, 327 Or 84, 96, 957 P2d 1200, *modified on recons*, 327 Or 185 (1998). Thus, we reject defendant's second assignment of error without further discussion.

[2] In plaintiff's first assignment of error on cross-appeal, he contends that the trial court erred in awarding a prevailing party fee under ORS 20.190(2)(a)(A). In plaintiff's second assignment of error on cross-appeal, he contends that "the trial court's conclusion that a dismissal on any basis could create an anti-SLAPP entitlement to fees was incorrect." We reject both of those assignments of error without discussion.

[3] Under the anti-SLAPP statute, a defendant must establish a *prima facie* case that the plaintiff's claims arose out of statements, documents, or conduct, as described in ORS 31.150(2). If the defendant makes that *prima facie* showing, then "the burden shifts to the plaintiff in the action to establish that there is a probability that the plaintiff will prevail on the claim by presenting substantial evidence to support a prima facie case." ORS 31.150(3). "If the plaintiff meets [that] burden, the court shall deny the motion." ORS 31.150(3). *See Handy v. Lane County*, 360 Or 605, 385 P3d 1016 (2016) (explaining that "the plaintiff must submit sufficient evidence from which a reasonable trier of fact could find that the plaintiff met its burden of production").

Plaintiff then filed a motion for an order allowing specified discovery of two nonparties, and defendant objected on several grounds, including federal preemption. In a letter opinion, the trial court denied plaintiff's request for discovery. The trial court explained:

> "In the present case, the plaintiff's request for discovery is specifically directed at instances where plaintiff alleges that defendants have both violated federal election laws; and by doing so have placed plaintiff in a false light and/or appropriated his likeness. This court believes that those state allegations are preempted by federal law; and thus will not order discovery on such issues."

Thereafter, plaintiff responded that defendant's motion to dismiss under the anti-SLAPP statute should be denied because, among other things, "[p]laintiff's claims are not preempted by the Federal Elections Commission Act, because they are common law torts which are not laws 'with respect to election to federal office.'" Defendant replied, contending, again, that plaintiff's claims were preempted by federal election law, and thus, plaintiff's claims should be dismissed because he had not met his burden of showing the requisite probability of prevailing on those claims, as required under ORS 31.150(3).

The trial court issued a letter opinion that dismissed plaintiff's claims, largely based on federal preemption, because plaintiff had not met his burden under ORS 31.150(3). Subsequently, the trial court entered a general judgment of dismissal without prejudice in favor of defendant under the anti-SLAPP statute. Plaintiff did not appeal that judgment.

After entry of the general judgment, defendant filed a statement for attorney fees, costs, and disbursements, under ORS 31.152(3), requesting $57,289 in attorney fees for hours and services provided by his three attorneys. Defendant's request was based on the following calculations: Richard Adams's billing rate of $250 per hour for 15.75 hours, totaling $3,937.50; Daniel Meek's billing rate of $350 per hour for 59.19 hours, totaling $20,716.50; and Linda Williams's billing rate of $350 per hour for 91.7 hours, totaling $32,095.00, and a rate of $150 per hour for 3.6 hours,

totaling $540. Defendant provided attorney declarations and documents in support of the requested attorney fees and costs. Those documents included the following information about the attorneys: education and prior experience, hourly rate, billing and timekeeping practices, hours devoted to the case, and costs. Defendant also requested a prevailing party fee under ORS 20.190(2)(B) and $609.09 in costs and disbursements under ORCP 68 A(2). Plaintiff objected both to defendant's attorney fees request and prevailing party fee request.

The trial court awarded defendant $15,000 in attorney fees under ORS 31.152(3). In a letter opinion, the trial court explained:

> "[T]he Court will award attorney fees, as mandated by ORS 31.152(3), subject only to their reasonableness.
>
> "In considering reasonableness, the Court is directed to ORS 20.075(2). That statute, in turn, directs the Court to consider those factors set in ORS 20.075(1) and 20.075(2), which is meant to be a nonexclusive listing. ORS 20.075(1)(h). Suffice to say, this Court has considered each and every one of these factors, to the extent that there has been evidence presented to consider. After a brief review of applicable case law, the Court will discuss those particular factors it finds especially relevant."

The trial court considered seven factors especially relevant to its conclusion: (1) the timing of the anti-SLAPP motion; (2) the necessity of using the anti-SLAPP procedure; (3) the deterrent effect of an attorney fee award; (4) the hours billed; (5) the hourly rate; (6) the amount at risk and the result obtained; and (7) the reasonableness of the parties. In considering the necessity of using the anti-SLAPP procedure, the trial court referred to its earlier letter opinion on discovery where it denied plaintiff's request for discovery based on federal preemption, and stated that,

> "before the vast majority of attorney fees in this case were expended, defendant had a clear signal from this Court that plaintiff's claims were pre-empted by federal law. Nevertheless, the defendant chose to continue his challenge to plaintiff's complaint via the anti-SLAPP procedure, which engendered attorney fees; as opposed to a rule 21 motion that did not."

In considering the attorneys' hourly rate, the trial court stated that, "[a]lthough Ms. Williams is an effective advocate and writer, * * * there is nothing especially complex about this proceeding that justifies her hourly rate for litigation in Southern Oregon." The trial court did not make any findings about the reasonableness of any hourly rate of the attorneys apart from the above statements. In conclusion, the trial court awarded defendant $15,000 in attorney fees and stated that it "will not award any further attorney fees for subsequent litigation." The trial court also awarded defendant $608.39 in costs and disbursements and a $550.00 prevailing party fee. Defendant appeals the supplemental judgment containing those awards, and plaintiff cross-appeals.

On appeal, defendant challenges the amount of attorney fees awarded. We review the trial court's award or denial of attorney fees for an abuse of discretion. *See* ORS 20.075(3) ("In any appeal from the award or denial of an attorney fee subject to this section, the court reviewing the award may not modify the decision of the court in making or denying an award, or the decision of the court as to the amount of the award, *except upon a finding of an abuse of discretion.*" (Emphasis added.)). Further, "[a]lthough we review the trial court's decision for abuse of discretion, the terms on which the trial court exercised its discretion must be legally permissible." *Barbara Parmenter Living Trust v. Lemon*, 345 Or 334, 342, 194 P3d 796 (2008).

The trial court awarded attorney fees to defendant under ORS 31.152(3), which mandates for an award of "reasonable attorney fees and costs" for a "defendant who prevails on a special motion to strike made under ORS 31.150." In determining a reasonable attorney fee award under ORS 31.152(3), the trial court must consider factors enumerated in ORS 20.075. ORS 20.075 provides, in pertinent part:

> "(1) A court shall consider the following factors in determining whether to award attorney fees in any case in which an award of attorney fees is authorized by statute and in which the court has discretion to decide whether to award attorney fees:
>
> "* * * * *

"(b)   The objective reasonableness of the claims and defenses asserted by the parties.

"(c)   The extent to which an award of an attorney fee in the case would deter others from asserting good faith claims or defenses in similar cases.

"(d)   The extent to which an award of an attorney fee in the case would deter others from asserting meritless claims and defenses.

"(e)   The objective reasonableness of the parties and the diligence of the parties and their attorneys during the proceedings.

"(f)   The objective reasonableness of the parties and the diligence of the parties in pursuing settlement of the dispute.

"(g)   The amount that the court has awarded as a prevailing party fee under ORS 20.190.

"(h)   Such other factors as the court may consider appropriate under the circumstances of the case.

"(2)   A court shall consider the factors specified in subsection (1) of this section in determining the amount of an award of attorney fees in any case in which an award of attorney fees is authorized or required by statute. In addition, the court shall consider the following factors in determining the amount of an award of attorney fees in those cases:

"(a)   The time and labor required in the proceeding, the novelty and difficulty of the questions involved in the proceeding and the skill needed to properly perform the legal services.

"* * * * *

"(c)   The fee customarily charged in the locality for similar legal services.

"* * * * *

"(g)   The experience, reputation and ability of the attorney performing the services.

"* * * * *

"(3)   In any appeal from the award or denial of an attorney fee subject to this section, the court reviewing the

award may not modify the decision of the court in making or denying an award, or the decision of the court as to the amount of the award, except upon a finding of an abuse of discretion.

"(4)   Nothing in this section authorizes the award of an attorney fee in excess of a reasonable attorney fee."

On appeal, defendant contends that, instead of addressing the pertinent ORS 20.075(2) factors, the trial court relied upon unlawful factors in reducing defendant's requested attorney fee award by 75 percent. Defendant asserts that the following factors the trial court relied on were unlawful: (1) the timing of the anti-SLAPP motion, which was filed after the election; (2) the necessity of using the anti-SLAPP motion procedure; and (3) the deterrent effect of an attorney fee award. We reject defendant's argument that the factors the trial court relied on were unlawful. Those factors were lawful considerations under ORS 20.075(1)(b), (c), (d), and (e):

"(b)   The objective reasonableness of the claims and defenses asserted by the parties.

"(c)   The extent to which an award of an attorney fee in the case would deter others from asserting good faith claims or defenses in similar cases.

"(d)   The extent to which an award of an attorney fee in the case would deter others from asserting meritless claims and defenses.

"(e)   The objective reasonableness of the parties and the diligence of the parties and their attorneys during the proceedings."

Additionally, as plaintiff points out, ORS 20.075(1)(h) provides that the trial court may consider "other factors as the court may consider appropriate under the circumstances of the case" and therefore the trial court did not rely on impermissible factors.

To the extent that defendant contends that the trial court abused its discretion by misapplying the above statutory factors, we agree with defendant that the trial court abused its discretion with respect to some of those factors. First, the trial court misapplied ORS 20.075(1)(b) and (e)

in considering the necessity of using the anti-SLAPP procedure. As discussed above, in considering the necessity of using the anti-SLAPP procedure, the trial court stated:

> "[B]efore the vast majority of attorney fees in this case were expended, defendant had a clear signal from this Court that plaintiff's claims were pre-empted by federal law. Nevertheless, the defendant chose to continue his challenge to plaintiff's complaint via the anti-SLAPP procedure, which engendered attorney fees; as opposed to a rule 21 motion that did not."

Defendant contends that the trial court was incorrect in its assumption that, before the "vast majority" of the attorney fees were expended, defendant had a clear signal that plaintiff's claims were preempted by federal law when the trial court issued its letter opinion denying plaintiff's request for discovery based on federal preemption. Defendant asserts, and presented evidence to the trial court, that roughly 49 percent of defendant's attorneys' time was expended before the trial court issued its letter opinion on the discovery issue. Thus, the trial court misunderstood a significant fact—the timing of when defendant's attorney fees were incurred—when it significantly reduced defendant's requested attorney fees.

Moreover, the trial court appears to have reduced the amount of attorney fees because defendant used the anti-SLAPP procedure instead of a procedure that would not have entitled defendant to fees. The trial court necessarily recognized that defendant's use of the anti-SLAPP procedure was permissible, because the trial court awarded attorney fees to defendant based on the anti-SLAPP statute. The trial court reduced defendant's attorney fees based, in part, on defendant's use of a permissible procedure. Indeed, it was permissible and reasonable for defendant to file an anti-SLAPP motion under ORS 31.150(2)(c) in response to plaintiff's complaint because plaintiff's complaint directly implicated that statute. To the extent that the trial court reduced the amount of attorney fees based on defendant using the anti-SLAPP procedure, that was an impermissible application of ORS 20.075(1)(b) and (e). Under those factors, the trial court is directed to consider the objective

reasonableness of the claims and defenses asserted by the parties and the parties' attorneys in the proceeding. Those factors do not provide a mechanism to reduce requested fees based on the trial court's subjective estimation that a different procedure to obtain a dismissal should have been used.

We note that the trial court's consideration of defendant's pursuit of his anti-SLAPP motion was not solely addressed to the permissibility or reasonableness of defendant's use of that procedure. Rather, the trial court was also addressing what it considered to be excessive litigation on behalf of defendant, in light of the legal issues presented and the fact that the election had already concluded. That consideration is a permissible one under ORS 20.075(1)(e). What was not permissible and an abuse of the court's discretion was for the court to, in effect, punish defendant for choosing a reasonable dismissal procedure that entitled him to obtain attorney fees.

Next, we turn to whether the trial court misapplied the remaining ORS 20.075(2) factors to determine the attorney fees awarded to defendant. We address only defendant's contention that the trial court failed to lawfully evaluate an hourly rate for defendant's attorneys. We reject defendant's remaining arguments without discussion. Plaintiff responds that the trial court adequately analyzed the hourly rate of defendant's attorneys in determining a reasonable amount of attorney fees to award.

As discussed above, ORS 20.075(2) provides, as relevant, that the trial court shall consider:

"(a)   The time and labor required in the proceeding, the novelty and difficulty of the questions involved in the proceeding and the skill needed to properly perform the legal services.

"* * * * *

"(c)   The fee customarily charged in the locality for similar legal services.

"* * * * *

"(g)   The experience, reputation and ability of the attorney performing the services."

In considering the hourly rate of defendant's attorneys, the trial court stated that, "[a]lthough Ms. Williams is an effective advocate and writer, * * * there is nothing especially complex about this proceeding that justifies her hourly rate for litigation in Southern Oregon." The trial court discussed the "novelty and difficulty" of this case by stating that "there is nothing especially complex about this proceeding that justifies" Williams's hourly rate, but did not otherwise indicate what would be a reasonable rate for the litigation or the actual hourly rate it relied on to determine the attorney fee award.

Additionally, the trial court does not acknowledge the hourly rate of defendant's other two attorneys—Meek and Adams. Defendant included information about the attorneys' education and prior experience, and their hourly billing rates of $250 per hour for Adams, $350 per hour for Meek, and $350 per hour and $150 per hour for Williams. Nonetheless, the court reduced defendant's requested fees based, in part, on its own estimation that defendant could have found less costly counsel in Southern Oregon. Defendant was not required to employ less costly local counsel to litigate the case to be entitled to a reasonable award of attorney fees. The evidence submitted by defendant established that his attorneys had reasonable hourly rates for Oregon. Consequently, we conclude that the trial court abused its discretion when it reduced defendant's requested attorneys fees based on a finding that Williams's hourly rates were too high after concluding that less-costly attorneys were available in Southern Oregon, and when it failed to consider defendant's other attorneys' hourly rates.

Because the trial court abused its discretion when it misapplied the necessity of using the anti-SLAPP procedure and the hourly rate of defendant's attorneys, we vacate the trial court's award of attorney fees. *See Grisby v. Progressive Preferred Ins. Co.*, 233 Or App 210, 222, 225 P3d 101 (2010) ("[A] court's discretionary authority to reduce requested attorney fees that are otherwise reasonable, * * * is subject to principled constraints. In particular, there must be a rational nexus between the [ORS 20.075] factor invoked, and its underlying circumstances, and the amount of the

reduction."). On remand, the trial court should consider, as discussed in this opinion, the timing of the accrual of defendant's attorney fees, defendant's objectively reasonable use of the anti-SLAPP procedure, and the hourly rate of all of defendant's attorneys. Because we vacate and remand the attorney fee award on the above bases we do not address defendant's argument that the trial court abused its discretion when it preemptively denied "any further requests for fees." We reject defendant's additional arguments on appeal without discussion.

We turn to plaintiff's cross-appeal. Plaintiff contends that the trial court erred in awarding defendant a $550 prevailing party fee under ORS 20.190(2)(a)(B). Instead, plaintiff asserts that the trial court should have awarded defendant a lower prevailing party fee under ORS 20.190(2)(a)(A).

ORS 20.190 sets out amounts recoverable by a prevailing party. ORS 20.190(2) (2012) provided, at the time of this litigation:

"In lieu of the prevailing party fee provided for in subsection (1) of this section, in any civil action or proceeding in which recovery of money or damages is sought, a prevailing party who has a right to recover costs and disbursements also has a right to recover, as a part of the costs and disbursements, the following additional amounts:

"(a)   In a circuit court:

"(A)   When judgment is given without trial of an issue of law or fact, $275; or

"(B)   When judgment is given *after trial of an issue of law or fact*, $550."[4]

(Emphasis added.)

Plaintiff argues that, because judgment was given without a "trial," the trial court did not "try" an issue of law or fact in deciding the anti-SLAPP motions, thus the trial

---

[4] The amount of the prevailing party fees were raised in 2013 by the legislature from $550 to $575 for fees "after trial of an issue of law or fact," and from $275 to $300 for "judgment given without trial of an issue of law or fact." Or Laws 2013, ch 685, § 44.

court erred in awarding a $550 prevailing party fee under ORS 20.190(2)(a)(B). Plaintiff asserts that "a preliminary motion ruling is obviously different than a trial, and the whole purpose of an anti-SLAPP motion is to resolve matters short of trial." Defendant responds that he is entitled to a prevailing party fee of $550 under ORS 20.190(2)(a)(B), because the trial court decided issues of law and fact in granting defendant's anti-SLAPP motion. Specifically, defendant points out that, in order to reach

"the decision to grant the anti-SLAPP motions in this case, the Court made conclusions of law, *inter alia*, on whether the claims 'arose' under ORS 31.150(2)(c) and (d), on whether certain political advertisements were actionable as 'false light' in the context of a political campaign, and whether federal law preempted state court consideration of issues about the size and display of federally required statements of sponsorship on political billboards in a contest for the U.S. Congress."

We agree with defendant.

The text of ORS 20.190 does not require that there be a "trial" in the sense advocated by plaintiff. Here, the statute specifies that a prevailing party has a right to recover fees "when judgment is given after a trial of an issue of law or fact." Trial of an issue of law or fact refers to the judicial determination of law or fact in an adversarial proceeding, which can include preliminary proceedings short of a final trial on the merits of an entire claim. *See Black's Law Dictionary* (10th ed 2014) (A "trial" is "[a] formal judicial examination of evidence and determination of legal claims in an adversary proceeding"); *cf. Alt v. City of Salem*, 306 Or 80, 85, 756 P2d 637 (1988) (concluding that, because a writ of review proceeding does not authorize the trial court to decide issues of fact, no "trial" is involved). Here, the trial court examined issues of law and fact to grant defendant's anti-SLAPP motion. Therefore, we conclude that the trial court did not err when it awarded defendant a $550 prevailing party fee under ORS 20.190(2)(a)(B).

In sum, the trial court abused its discretion when it misapplied the relevant ORS 20.075 factors to reduce defendant's award of attorney fees. The trial court did not

err when it awarded defendant a $550 prevailing party fee under ORS 20.190(2)(a)(B).

On appeal, supplemental judgment for attorney fees vacated and remanded; on cross-appeal, affirmed.