On respondent's petition for reconsideration filed March 14; reconsideration allowed, former opinion (284 Or App 98, 392 P3d 781) modified and adhered to as modified July 12; petition for review denied November 9, 2017 (362 Or 175)

Art ROBINSON,
*Plaintiff-Respondent*
*Cross-Appellant,*

*v.*

Peter DeFAZIO,
Defendant-Appellant
*Cross-Respondent,*
*and*

John DOES 1, 2, and 3;
and DeFazio for Congress Committee,
*Defendants.*

Josephine County Circuit Court
12CV1144; A156582

399 P3d 1095

James L. Buchal and Murphy & Buchal LLP, for petition.

Before Armstrong, Presiding Judge, and Hadlock, Chief Judge, and Egan, Judge.

**EGAN, J.**

Plaintiff has petitioned for reconsideration of our decision in *Robinson v. DeFazio*, 284 Or App 98, 392 P3d 781 (2017), contending that our construction of the phrase "trial of an issue of law or fact" in ORS 20.190(2)[1] is incorrect. We allow plaintiff's petition and, on reconsideration, adhere to our decision as modified by this opinion.

In our original opinion, we concluded that, in the context of ORS 20.190(2), "trial of an issue of law or fact" "refers to the judicial determination of law or fact in an adversarial proceeding, which can include preliminary proceedings short of a final trial on the merits of an entire claim." *Robinson*, 284 Or App at 110. Furthermore, we concluded that the trial court's grant of defendant's anti-SLAPP motions, which dismissed without prejudice plaintiff's claims against defendant, is just such a preliminary proceeding. In his petition for reconsideration, plaintiff contends that our construction of the phrase "trial of an issue of law or fact" in ORS 20.190(2) cannot include anti-SLAPP motions or be reconciled with the Supreme Court's analysis of the term "trial" in *Assoc. Unit Owners of Timbercrest Condo v. Warren*, 352 Or 583, 594-96, 288 P3d 859 (2012), because anti-SLAPP motions are, like summary judgment rulings, designed to resolve matters without trial.

In *Timbercrest*, the Supreme Court held that a motion for reconsideration of a summary judgment ruling is not a "motion for a new trial" within the meaning of ORS 19.255(2), which cross-referenced ORCP 64. That rule states that a new trial "is a re-examination of an issue of fact in the same court after judgment." ORCP 64 A. Thus, the issue in *Timbercrest* was whether, as a matter of the text, context, and history of ORCP 64 A, its drafters would have understood the summary judgment process

---

[1] ORS 20.190(2)(a) provides that a prevailing party in a circuit court who has a right to recover costs and disbursements also has a right to recover an additional amount. In 2012, when the litigation in this case began, that amount was either $275 or $550, depending on whether judgment is given "without trial of an issue of law or fact" or "after trial of an issue of law or fact," respectively. ORS 20.190(2) was amended in 2013; however, because those amendments merely raised the amount of the recoverable fees by $25 and do not affect our analysis, we refer to the current version of the statute in this opinion.

to involve the "'examination' of an issue of fact such as to constitute a 'trial' within the meaning of the rule," so that "re-examination" of the ruling would constitute a new trial. 352 Or at 594. After discussing that text, context, and legislative history—including other Oregon Rules of Civil Procedure that suggest that "trial" means something distinct from summary judgment—the court concluded that "a summary judgment is not a 'trial' and that, as a result, a motion for reconsideration of a summary judgment does not constitute a motion for a new trial within the meaning of those laws."[2] *Id.* at 598.

The statute at issue in this case, ORS 20.190(2), does not use "trial" in the same way as ORCP 64 A. ORCP 64 A refers to the re-examination of an issue of *fact*, while ORS 20.190(2) refers more broadly to "trial of an issue of *law or fact*." (Emphasis added.) That phrase in ORS 20.190(2) has appeared, unchanged, in statutes setting the amount of costs and disbursements for prevailing parties since the Deady Code.[3] *See, e.g., former* ORS 20.070 (1953), *repealed by* Or Laws 1981, ch 898, § 53 (repealed by the same bill that created ORS 20.190); OCLA, § 10-905 (1940); Oregon Code, title VII, ch 6, § 7-605 (1930); Lord's Oregon Laws, title VII, ch VI, § 565 (1910); General Laws of Oregon, Civ Code, ch VI, title V, § 542, p 287 (Deady 1845-1864) ("Costs, when allowed to either party, are as follows: * * * In the circuit court, to the prevailing party, when judgment is given without trial of an issue of law or fact, or upon an appeal, five dollars; when judgment is given after trial of an issue of law or fact, ten dollars."). At the time of the Deady Code,

---

[2] In the Supreme Court's discussion, it reviewed the text of ORCP 51 C, which provides that "[t]he trial of all issues of fact shall be by jury" unless the parties waive a jury or have no right to a jury trial. But, because the court was examining the ORCP 64 A phrase "[a] new trial is a re-examination of an issue of *fact*" (emphasis added), it did not include in its discussion ORCP 51 B, which provides that "[a]n issue of law shall be tried by the court." "Trial" of an issue of law is an examination of an issue of law by the court, without a jury, and the definition of trial in that context cannot be controlled by the construction of what it means to "re-examin[e] * * * an issue of fact." The Supreme Court's definition of "trial" in *Timbercrest*, therefore, is not an absolute definition of "trial" but, rather, one that was limited to understanding the text of ORS 19.255(2) and ORCP 64.

[3] We have reviewed the legislative history of ORS 20.190 and found no discussion of the meaning of "trial." The intention of the legislature appears to have been to keep the status quo of prior laws such as those cited here.

a "trial" was defined as "the judicial examination of the issues between the parties, whether they be issues of law or of fact." General Laws of Oregon, Civ Code, ch II, title I, § 175, p 183 (Deady 1845-1864). An "issue of law" would arise "upon a demurrer to the complaint, answer or reply, or to some other part thereof," *id.* at § 172, and "[i]ssues of both law and of fact may arise upon different parts of the pleadings in the same action. In such cases the issues of law shall be first tried, unless the court otherwise direct," *id.* at § 174. *See also, e.g., Hume v. Woodruff,* 26 Or 373, 376, 38 P 191 (1894) ("An issue of law arises upon a demurrer, and, since a defendant may demur upon the ground 'that the complaint does not state facts sufficient to constitute a cause of suit,' *it would seem to follow that the determination of an issue presented by such a demurrer is a 'trial' of the cause within the meaning of the statute,* and, as a consequence, that after the disposition thereof a plaintiff is not entitled to a voluntary nonsuit unless by leave of the court an amended complaint is filed." (Internal citations omitted; emphasis added.)).

Given that history, the phrase "trial of an issue of law or fact" is broad enough to include a judicial examination of issues of law raised by an anti-SLAPP motion. In our prior decision, we stated that the higher prevailing party fee was appropriate because "the trial court examined issues of law and fact to grant defendant's anti-SLAPP motion." *Robinson,* 284 Or App at 110. Our opinion need not have reached that far. To determine that ORS 20.190(2)(a)(B) applied, we needed to decide nothing more than that the trial court examined issues of law in granting the anti-SLAPP motion. Having determined that it did, we adhere to our conclusion that the court's ruling on the issues raised by defendant's anti-SLAPP motion involved the "trial" of an "issue of law" within the meaning of ORS 20.190(2). Thus, we adhere to our prior opinion as modified on reconsideration.

Reconsideration allowed; former opinion modified and adhered to as modified.